A mortgage deed was made, with condition to be void on the payment cf a certain sum on a day mentioned, the year being left blank, according to the tenor of a promissory note for the same sum. The note was never made, ayd a part of the money only loaned, for which a receipt was given. It was holden that there was no remedy upon the mortgage deed, the bargain being incomplete.
This was an action of covenant broken, on a deed made by the defendant, on the 22d of February, 1810, for the conveyance of certain land to David Parker, the plaintiff’s testator, with a covenant of warranty and the other usual covenants. The plaintiff alleges a breach of each of these covenants, and as to the covenant of warranty, alleges *an eviction by one [ * 371 ] Roby, by force of an older title, on the day after the date of the deed, in the lifetime of the testator.
The defendant had oyer of the deed, which is in the form of a common mortgage deed, with condition to be void on the payment of 800 dollars with interest, on or before the 22d day of February, one thousand eight hundred and- (a blank being left for the last number), according to the tenor of a note of the same date, given for the same sum and interest, and payable as aforesaid.
The plaintiff replies traversing the payment, and issue was joined on the traverse.
On the trial of this issue, before Jackson, J., at the sittings here after October term, 1818, the defendant called on the plaintiff to produce the note .referred to in the deed, and the note not being produced, he relied on that circumstance to maintain the issue on his part.
The defendant objected to all this evidence, insisting that the plaintiff was estopped to deny that such a note was given, as described in the deed, and that the evidence offered had no tendency to maintain the issue for the plaintiff, and contending also that, if the transactions were such as alleged by the plaintiff, the repayment of the said 214 dollars, 38 cents, was not secured, nor intended to be secured, by the said mortgage deed, but must be considered as advanced on the personal security of the defendant, to remain so until the intended negotiation should be completed by the loan of the residue of the sum, and by the giving of a note for the whole, according to the condition of the deed; and that it could not be considered that the defendant intended to mortgage his land for securing the payment of the smaller sum; and that the contract, supposed to have been intended by the testator and the defendant, was never carried into effect.
As the counsel on both sides expressed a desire to have these questions reserved for the consideration of the whole Court, the judge was about to reject all the said evidence offered by the plaintiff, and to reserve the case for the Court. But the defendant denying some of the facts which the plaintiff offered to prove, the judge admitted the evidence for the purpose of ascertaining the facts, and directed the jury to find a verdict for the plaintiff, and to assess his damages at the sum mentioned in the receipt with interest to the day of the trial, provided the facts above stated were proved. Those facts were proved to the satisfaction of the jury; and they found a verdict for the plaintiff for 327 dollars.
If the Court should be of opinion that the evidence was admis sible, and that upon the facts stated the plaintiff was entitled to recover in this action, the verdict was to stand; otherwise it was to be set aside, and a verdict entered for the defendant. [ * 373 ] * The cause was argued November term, 1820. Steams, for the defendant. The plaintiff was estopped to deny the. existence of a note for 800 dollars, upon two grounds, First, because it is recited in the deed and parole evidence is inad *301 missible to contradict, vary or control a deed (1). Secondly, what is admitted by the party upon the record need not be proved, and he is not allowed to contradict it. The existence of the note of 800 dollars is admitted, 1st by the oyer, which makes the deed a part of the plaintiff’s declaration ; and 2dly by the replication, which takes issue upon the payment of such a note (2).
The principle is strongly illustrated by the case of Smith vs. Woodward (3), where it was decided, that the plaintiff having declared with a profert, he could not be permitted to show that the deed had been destroyed by the defendant himself, and this seems only an implied admission of the existence of the deed. In the case at bar, then, it must be considered as decided by the record, that there was a note for 800 dollars (4).
The evidence offered had no tendency to prove the point in issue, viz., whether the note for 800 dollars, mentioned in the deed, had been paid. The end of a trial being only to settle the points in issue between the parties, no evidence ought to be admitted to any other point (5). The plaintiff, therefore, by the terms of the issue, was confined to evidence of a note of 800 dollars, which was lost or unpaid.
But admitting that the plaintiff was not estopped to give in evidence the facts proved to the jury on the trial, they could not avail him. It is manifest, from his own showing, that the contract was never consummated. The defendant might, perhaps, have pleaded that the instrument in question was delivered as an escrow; but in this case he was under no necessity of doing it.
The defendant acknowledges that money has been received by him from the testator, for which no consideration has been paid. The plaintiff # could have [ * 374 J no remedy, but on the defendant’s covenants in his deed, or in an action on the common money counts. He formerly brought an action of this latter kind, relying upon the receipt. But the defendant’s counsel opposed the admission of the evidence, and the judge rejected it, considering that the plaintiff’s only remedy was upon the deed. The money counts were then struck out of the declaration. It will be strange, and an opprobrium to the law, if no remedy lies for the plaintiff, upon the facts in the case.
As to the plaintiff’s being estopped to deny the existence of the note, because the deed states it, it is a sufficient answer, that the deed is the defendant’s, and not the plaintiff’s. Besides, the plaintiff *302 has never denied the existence of the note on the record. The grantee’s acceptance of _a deed poll cannot be an estoppel to him (6). Here, as was said by Lord Kenyon in Hayne vs. Maltby (7), “ the person supposed to be estopped is the very person who has been cheated and imposed upon.” Lord Coke calls estoppels a cunning kind of learning; and this is but too true, if by one’s averring an untruth in his deed the grantee is estopped to prove its falsity.
The oyer is part of the defendant’s plea: it is he that spreads the deed on the record. This is no admission on the part of the plaintiff. The defendant avers that he paid the 800 dollars. How could the plaintiff avoid this ? He could not reply that no such note was ever given. A protestando would not help him. How then does the pleading amount to an admission ? Pkillips, 141.—Bull. JV. P. 298. Phillips, 126 [As to a misdescription of the security in the mortgage deed, see Jacks'm vs. Bowen, 7 Cowen, 13.—Johns vs. Church 12 Pick. 557, but quiere as to this.—Ed.]