*Motion overruled.*

## JOHN TOWNS *versus* SUPPLY NIMS.

Where a fact directly in issue on the face of the pleadings is determined by a jury in any case, such determination is, if properly pleaded, conclusive between the same parties in any other suit.

But where A brought a suit against B for a month's labor, and B, under the general issue, set up as a defence that the labor had been done under a contract to labor for a year, which it had voluntarily abandoned before it was performed, and the jury found for the plaintiff, it was held that this finding was not an estoppel which could preclude B from maintaining an action against it upon the contract to labor for a year.

ASSUMPSIT. The declaration alleged, that the defendant hired himself to the plaintiff to labor at the blacksmith business for one year, from the 1st April, 1828, for $110, to be paid at the expiration of the year; that he began to labor under the contract on the 2d April, 1828, and continued in the employment of the plaintiff until the 2d May, in the same year, when, although requested to remain in the same employment, he refused so to do, but wholly left the same, whereby the plaintiff was put to great trouble and expense in hiring another.

The defendant pleaded in bar, that he, the said Nims, brought an action before a justice of the peace against the plaintiff, on an account of $9, annexed to the writ for labor from the 2d April to the 2d May, 1828; that

the same action was carried by appeal to the court of common pleas, and there tried upon the general issue, and defended by the said Towns, on the ground that the labor mentioned in the said account was done under the contract set forth in the declaration in this case ; that a verdict was returned in favor of the said Nims, for $4,60, on which judgment was rendered ; wherefore, as the breach of the promise in the plaintiff's declaration mentioned, was set up as a defence in said action, and has been fully heard, said Nims prayed judgment, &c.

To this plea there was a demurrer, and joinder in demurrer.

*Edwards*, and *J. Parker*, for the defendant.

A former judgment upon a point in controversy, is conclusive between the same parties, upon the same matter, coming directly in question in another suit, whether it appear upon the face of the record in the former suit that the same matter was tried and passed upon, or not ; and although the cause of action in the former suit, and the object to be obtained by it, were different. 3 Cowen, 120, *Gardner* v. *Buckbee* ; 5 Conn. 550, *Betts* v. *Starr* ; 17 Mass. Rep. 367, *Adams* v. *Barnes* ; 7 Johns. 20, *Rice* v *King* ; 4 Cowen, 559, *Burt* v. *Sternburgh* ; 3 Wilson, 304, *Kitchen* v. *Campbell* ; 3 East, 346 ; 11 Mass. Rep. 445 ; 1 N. H. Rep. 35 ; 2 ditto, 128 and 192.

The gist of the defence in the former suit was precisely the same as the gist of the action in this case, to wit, the breach of a special contract, and the same matter now alleged was in issue. The same evidence would maintain the defence in the one case, and the action in the other, and this is said to be the great criterion. 7 Johns. 20 ; 2 Mass. Rep. 356 ; 3 Wilson, 308.

*Wilson*, for the plaintiff.

The opinion of the court was delivered by

RICHARDSON, C. J. The plaintiff brings this action against the defendant, upon a special contract of the latter to labor for the former, a year, at a stipulated price,

and assigns as a breach of the contract, that after laboring for one month, the defendant refused to complete the service. The defendant pleads in bar, that he brought an action against the plaintiff for that month's labor; that the plaintiff set up as a defence this very contract; that a jury passed upon it and found in favor of this defendant; and that judgment was rendered upon the verdict. The question in that case, was, whether the labor was done under a subsisting contract which Nims had voluntarily abandoned before it was completed. If it was so done, Nims had no cause of action. The jury in that case must, therefore, have found either that there never was a special contract, or that it had been rescinded. To sustain the defence, it was only necessary to show that there was a subsisting contract which Nims had voluntarily abandoned. It is, then, very obvious, that the jury in that case must have decided the very question, which constitutes the gist of the action. For to prove the allegation in this declaration, it is only necessary to show a subsisting contract, which Nims voluntarily abandoned.

The question, then, which is now to be decided is, whether it is a good bar to this action that the material allegations on which it is founded have been negatived by a jury in another suit between the same parties?

It is a well settled principle of law, that the judgment of a court of concurrent jurisdiction, or a judgment of the same court, directly upon the point, is as a plea, a bar, or as evidence, conclusive between the same parties upon the same matter directly in question in another cause.

Thus, where an action has been brought and has been determined upon the merits, the judgment in such action is conclusive in another action, brought for the same cause between the same parties.

So a judgment in ejectment in favor of the plaintiff, is conclusive against the defendant, as to the right of possession at the time of the demise laid in the declaration,

in an action for the mesne profits. 2 Burr. 665, *Aslin* v. *Parkin*.

A judgment in favor of one town against another town for the support of a pauper, is conclusive as to the settlement of the pauper at the time when the supplies were furnished. 4 Mass. Rep. 275 ; Phillip's Ev. 224.

The same principle is applied and illustrated in a great many cases to be found in the books. 2 Mass. Rep. 338, *Kent* v. *Kent* ; 2 N. H. Rep. 126, *The Bank* v. *Robinson* ; 7 Johns. 20, *Rice* v. *King* ; 3 Wilson, 304, *Kitchen* v. *Campbell* ; 17 Mass. Rep. 365, *Adams* v. *Barnes* ; 1 N. H. Rep. 33, *Tilton* v. *Gordon* ; Peake's N. P. C. 219, *Rex* v. *Pancras* ; 5 Esp. N. P. C. 56, *Strut* v. *Bovingdon* ; 2 Strange, 961, *Da Costa* v. *Villa Real* ; 11 Mass. Rep. 445, *Smith* v. *Whiting* ; 4 Cowen, 559, *Burt* v. *Sternburgh*.

In all these cases, the point upon which the judgment was held to be conclusive, was directly in issue on the face of the record, and was the foundation of the judgment. The judgment, to be conclusive, must be upon the precise point. 2 Starkie's Ev. 198—201 ; Buller's N. P. 244.

It is also a settled principle of law, that when a fact, directly in issue on the face of the pleadings, is determined by a jury in one case, the verdict may operate as an estoppel, if properly pleaded, in another suit brought *diverso intuitu*, between the same parties. But to constitute a legal estoppel, in such a case, the fact must have been in issue on the face of the pleadings in the first case, and the verdict must be pleaded as an estoppel. 3 Starkie's Ev. 1280, *note, y* ; *Evelyn* v. *Haynes* cited 3 East, 365 ; 3 East, 346, *Outram* v. *Merriwood* ; 2 B. & A. 662, *Vooght* v. *Winch* ; 2 Johns. 24, *Manny* v. *Harris* ; 1 Esp. N. P. C. 43, *Sintrenick* v. *Lucas* ; 1 Salk. 290, *Blackham's Case*.

It is also settled, that a verdict may be given in evidence in many cases, where it is not conclusive. 3 Starkie's Ev. 1278 ; Gilbert's Ev. 29.

We will now apply these principles to the case before

us. It is clear, that the contract described in this declaration was not directly in issue upon the pleadings in the former suit between the parties, and that the judgment in that suit was not directly upon the matter in controversy in this suit. The case does not, then, come within the rule which makes a former judgment between the same parties conclusive, nor within the rule which makes a verdict in one case an estoppel to a party in another suit. The matter directly in issue, in the first suit, was another contract, in relation to which the verdict and judgment in that case are conclusive. But this contract was in issue then only collaterally, and there could be no direct and conclusive determination upon the matter in that suit.

The question in the action, which Nims brought against Towns, was, whether there was an implied contract to pay for a month's labor. Towns attempted to prove that the month's labor had been done under a subsisting contract to labor for a year, which contract had never been performed by Nims. This, if proved, was a decisive answer to the action, because if the labor had been done under a subsisting special contract to labor for a year, there could be no implied contract Yet, still, the question in issue was, whether there was an implied contract, and although it must now be concluded, that the jury found that there was no special contract, this conclusion is a mere inference from what they did find. They found there was an implied contract, and we infer from this finding, that they could not have been satisfied of the existence of a special contract. It is, therefore, clear, that the existence of the special contract was not directly tried in the first suit, and whatever may have been the finding of the jury in that case, in relation to the special contract, it can conclude nothing in this case.

*Judgment for the plaintiff.*