# WHITTEMORE *vs.* SHAW.

Where the demandant in a real action declares upon his own seizin, without setting out the particulars of his title, the tenant cannot plead that the demandant claims by a particular title, setting it out, and then allege matter in estoppel.

A verdict and judgment in a petition for partition is as conclusive, as to the matter put in issue and tried, as a verdict and judgment in any other proceeding, and may be set up as a bar to a writ of entry, in which the same question of title is put in issue.

WRIT OF ENTRY, to recover a tract of land in Salisbury. The tenant pleaded the general issue, and a special plea in bar as to twenty parts in twenty-one of the demanded premises, setting forth that said Whittemore, November 8, 1830, made application by petition, to this court, for partition of the demanded premises, representing that he was seized in fee simple of five undivided seventh parts, &c., and that he was tenant in common with Joseph Bean, Jr. ; and praying that his share might be set off to him in severalty—upon which petition Bean was notified, appeared, and pleaded in bar that he was sole seized in his demesne as of fee, with a traverse that said Whittemore was seized as tenant in common with him, upon which issue was joined, and that said issue was afterwards tried by a jury, who returned their verdict that said Whittemore was not seized as tenant in common, as he had alleged, and that said Bean was sole seized as he had alleged in his plea—that such

further proceedings were had that said Bean, by the consideration of said court, recovered judgment against said Whittemore, upon the verdict aforesaid, which was in full force, &c.—The plea then averred the identity of the lands, and that the estate and title of the demandant, supposed, claimed, and set up by him, in said petition, and that claimed and set up by him in the present declaration, as to said twenty parts of the demanded premises, were the same estate and title—and alleged that said Bean, after the rendition of said judgment, and before the commencement of this suit, by his deed, &c. conveyed the land to the tenant in fee simple, with warranty, whereby he had and still has, the former right and title of said Bean in and to said land, and holds the same of him by privity of estate. Wherefore he prayed judgment, &c.

To this there was a general demurrer, and joinder.

*Nesmith*, for the demandant, contended that a judgment in partition at most binds only the right of possession. The right of property is not in question. 13 *Mass. Rep.* 211, *Pierce* vs. *Oliver & a.* ; 11 *Pick. Rep.* 312, *Colton* vs. *Smith.*

*J. Harris* and *I. Bartlett*, for the tenant, argued that the general rule is, that a judgment of a court of competent jurisdiction, directly upon the point, is conclusive upon the same matter, as between the same parties, and those holding under them ; and that a judgment in partition forms no exception. They cited 1 *Phil. Ev.* 242 ; 1 *Stark. Ev.* 198 ; *Jackson on Real Actions* 275, 22, 283 ; 7 *Johns.* 20, *Rice* vs. *King ;* 3 *Wils. Rep.* 304, *Kitchen* vs. *Campbell ;* 3 *East's Rep.* 346, *Outram* vs. *Morewood ;* 2 *Mass. Rep.* 338, *Kent* vs. *Kent ; ditto* 462, *Cook* vs. *Allen ;* 5 *N. H. R.* 209, *Towns* vs. *Nims ; Com. Dig., Estoppel, A* 1 ; 7 *Mass. Rep.* 399, *Commonwealth* vs. *The Pejepscut Proprietors ;* 17 *Mass.* 365, *Adams* vs. *Barnes ;* 9 *Johns. Rep.* 232, *White* vs. *Ward ;* 8 *Johns.* 453, *Jones* vs. *Scriven ;* 2 *Barn. & Ald.* 562, *Vooght* vs. *Winch.*

PARKER, J.   The special plea in this case cannot be supported.   The demandant in his writ alleges generally that he is seized, without setting out the particulars or origin of his title.   What title he intends to rely on does not appear, and the tenant cannot set up a particular title for him ; allege that the demandant claims under that title ; and then plead matter of estoppel to bar a recovery under it.   If such plea was admitted, and the tenant mistook the title under which the demandant claimed, the latter must traverse the allegation that the estate and title claimed and set up by him was the same as that which the tenant alleged, and the cause proceed to trial, not upon the merits of the title of either party, but upon an issue whether the demandant did or did not claim under the title which the tenant set up for him, which would be absurd ; for if found for the demandant it would settle nothing.   The demandant seems to have good right to say upon what title he rests his suit.   It does not appear that he has not, since the former proceedings, acquired a title from Bean, before the conveyance to the tenant, or a valid title from some other person.

If, when the demandant's title is shown, the tenant has matter of estoppel against it, he may give it in evidence, having had no opportunity to plead it.   17 *Mass. Rep.* 369, *Adams* vs. *Barnes ;* 1 *Stark. Ev.* 303.

Where the title on which a demandant relies appears on the record, as if he sets out his seizin upon a mortgage, an estoppel may be pleaded ; and perhaps in this case the tenant might have plead giving color to the demandant, and have availed himself of the estoppel in the rejoinder.   17 *Mass.* 370 ; 4 *Dane's Dig.* 184, *Ivers* vs. *Hooper ; Jackson R. A.* 274.

But as the argument has proceeded upon the assumption that the demandant in fact relies upon the title stated in the plea, we have considered the question how far the proceedings in the petition for partition may affect this suit.

It is contended, on the part of the demandant, that the

judgment in partition at most binds the right of possession, and that the proceedings in partition, therefore, cannot have any effect to bar this writ of entry. But if by this it be intended that title does not come in question in a petition for partition, the authorities cited will not sustain the position. In *Colton* vs. *Smith,* 11 *Pick.* 316, which was a petition for partition, after a former petition for partition of part of the premises, in which there had been judgment for the respondents, the court say, " it was argued, that the petition- ' ers are barred or estopped by the judgment on their former ' petition ; and no doubt that would have been the legal ' effect of that judgment, if the parties, and the question of ' title put in issue, or necessarily decided, had been the ' same." *See, also,* 12 *Pick.* 56, *Blanchard* vs. *Brooks.* It is evident from these authorities that title may come in question, and be tried, in a petition for partition, as well as in a writ of entry. A verdict may be taken on it, and a judgment rendered.

It is clear, further, from our statute, that the right of the parties may be tried. The statute authorizing this court to make partition, provides that if any person answer to the petition, and object to the partition, such answer or objection shall be in the form of a plea, &c., to which the party petitioning may reply, or demur, so that the matter in dispute may be reduced to an issue in law or fact, and receive a determination by the court, or jury, in the same manner other issues are determined. If the issue is determined in favor of the petitioner, judgment is to be rendered that partition be made. " But if on trial of such issue it be determined ' that the persons or party petitioning have no right or share ' in the estate described in such petition, or hold a less right ' or share than is alleged in such petition, the adverse party ' shall recover costs against them. But in case it shall be ' determined that the persons or party petitioning have any ' right or share in the estate described in the petition, the ' court may render judgment that partition be made, and

' cause the share or shares in such estate of right belonging ' to the persons or party petitioning to be set off and assign- ' ed to him or them, to hold the same in severalty," &c. *N. H. Laws* 460.

In 13 *Mass.* 213, it is said, that a " judgment of partition extends at most to bind the right of possession." So a writ of entry is intended to try only the demandant's right of possession. *Jackson R. A.* 283. But a petition for partition may be maintained where the petitioner has not a present right of possession. *5 N. H. R.* 216, *Hunt* vs. *Hazelton.*

There is nothing, then, on which to found a distinction in this respect between a verdict and judgment in a petition for partition, and a verdict and judgment in a writ of entry. The former is of as high a nature as the latter. If the one may lie after the other, it cannot be to try the same question of title which has been put in issue and tried in the first. *5 N. H. Rep.* 259, *Towns* vs. *Nims;* 6 *N. H. R.* 12, *Batchelder* vs. *Robinson;* 3 *East* 346; *Jackson R. A.* 274. This cannot be done even in a writ of right. *Jackson R. A.* 283; 3 *East* 357. " It is not the recovery, but the matter alleged by the party, and upon which the recovery proceeds, which creates the estoppel." 3 *East* 346.

The conclusion is inevitable, that as by the statute the right of the party to a share ; which is, in other words, his title to a share ; may be tried in a petition for partition, and a judgment rendered, that judgment is as valid and conclusive as to the matter put in issue and tried, as a judgment in any other proceeding ; and if the demandant shall attempt, on the trial of the general issue, to set up the title which has been tried in the petition for partition, the verdict and judgment in that case may be given in evidence to estop him in this action.

*Judgment on the demurrer for the demandant.*