## DAME *vs.* WINGATE.

One who has never been in possession of land, and who has no title, nor color, nor claim of title to such land, can convey no title thereto, by a quitclaim deed, to his grantee.

Whether a former judgment between the same parties, or their privies, upon a point in issue upon the face of the pleadings, be conclusive evidence under the general issue, where the party who relies upon it as an estoppel has had an opportunity to plead it, *quære ?*

But it will be conclusive evidence upon the general issue, where the party has had no opportunity to plead it.

R. brought trespass *qu. cl. fr.* against the demandant and J. D., and the latter pleaded soil and freehold in the demandant, upon which issue was joined; and it was found for R., and judgment rendered thereon. Afterwards J. D. released his interest to the demandant, and R. conveyed the premises, with warranty, to the tenant. In a writ of entry, brought by the demandant against the tenant, to recover the same land, it was *held,* that the former judgment was conclusive evidence against the demandant under the general issue, as the tenant had had no opportunity to plead it, and that the demandant was not entitled to recover.

WRIT OF ENTRY, to recover a tract of land in Rochester. Plea, the general issue.

The writ was dated on the fourth day of January, A. D. 1841.

It was admitted that the demanded premises were a part of a close described in an action of trespass *quare clausum fregit*, brought by one Roberts against the demandant and one James Dame, in the month of July, 1837. The plea in that action was soil and freehold in the demandant, to

which Roberts replied soil and freehold in himself, and con-
cluded with a technical traverse of soil and freehold in the
demandant, who reäffirmed his plea, and tendered an issue
on his soil and freehold, which was joined, and the jury
found that the close was the soil and freehold of the said
Roberts, and was not the soil and freehold of the demand-
ant. On this finding, judgment was rendered in favor of
Roberts. It was also admitted, that Roberts, after the com-
mencement of the aforesaid action of trespass, conveyed the
premises by deed of warranty to the tenant, and that the
demandant had acquired no new title, nor pretence nor
claim of title, to the demanded premises, since the com-
mencement of the action of trespass, except what he might
have acquired by virtue of a quitclaim deed, dated on the
fourth day of January, A. D. 1841, by which Jabez Dame
and James Dame released to the demandant all their right
and title to the demanded premises.

A verdict was taken for the tenant, subject to the opinion
of the court upon the foregoing case.

*Hale*, for the demandant.

*Tebbets*, for the tenant.

GILCHRIST, J. In this case, the demandant rests his right
to recover, upon a deed of quitclaim, executed on the day
on which this suit was commenced, by which Jabez Dame
and James Dame released to him all their interest in the de-
manded premises. But he can derive no title from Jabez
Dame, because it does not appear that the grantor was ever
in possession, or ever had any title whatever, or color or
claim of title to the premises described in his deed.

The question then arises, whether he can derive any title
from James Dame. In the action of trespass *quare clausum
fregit*, brought by Roberts against the demandant and James
Dame, the fact, whether the close described was the soil and

Dame *v.* Wingate.

freehold of the demandant, was distinctly in issue upon the face of the pleadings, and the precise fact established by the verdict and judgment in that case, was, that the close was not the soil and freehold of the demandant. James Dame was a party to that suit, and united with the demandant in the plea of soil and freehold. The demandant, then, claims under a party to the former suit, and the former pleadings, and against whom judgment was rendered. As a privy in estate, therefore, he is concluded by the judgment, so far as James Dame himself would be bound. The demandant, also, was a party to that suit, and is bound by the judgment, so far as it is conclusive in the present action.

The tenant claims under Roberts, the plaintiff in the action of trespass, in whose favor judgment was rendered. As a privy in estate, therefore, she may take advantage of an estoppel. The question, then, is, what effect is to be given to the former judgment? If it be conclusive in this case, it will estop the demandant, because he was a party to it; and he will be equally bound by it in his right derived from James Dame.

The question, not only as to the admissibility, but as to the effect of the former judgment upon the rights of the parties, is raised upon the case stated. If the judgment be even admissible in evidence, upon the facts found in the case, the tenant will be entitled to judgment; because the demandant has shown nothing against it, and it will be a full answer to the demandant's case, so far as he has gone. But as that question alone, if decided, would not settle whether, upon another trial, the demandant would or would not be estopped from offering other evidence of title, we shall consider also the question whether, under the circumstances of this case, it be conclusive evidence.

It is a principle well established in the law, that a former judgment, upon a point directly in issue upon the face of the pleadings, is admissible in evidence, against the parties and their privies, in a subsequent suit, where the same point

comes in question. Nor is it material that the former suit was trespass, and the latter a writ of entry, if the same point were decided in the former suit. It is not the recovery, but the matter alleged by the party, and upon which the recovery proceeds, which creates the estoppel. The recovery of itself, in an action of trespass, is only a bar to the future recovery of damages for the same injury; but the estoppel precludes parties and privies from contending to the contrary of that point, or matter of fact, which, having once distinctly been put in issue by them, or by those to whom they are privy, in estate or law, has been, on such issue joined, solemnly found against them. *Ellenborough, C. J., Outram* vs. *Morewood,* 3 *East* 355. The recovery concludes nothing upon the ulterior right of possession, much less of property in the land, unless a question of that kind be raised by a plea and a traverse thereon. *Ibid.* 357. And a recovery in any one suit, upon issue joined on matter of title, is equally conclusive upon the subject matter of such title; and a finding upon title in trespass not only operates as a bar to the future recovery of damages founded on the same inquiry, but also operates by way of estoppel to any action for an injury to the same supposed right of possession. *Ibid.* 354. The issue upon a plea of *liberum tenementum* raises a question of title. *Forsaith* vs. *Clogston,* 3 *N. H. Rep.* 403. In *Arnold* vs. *Arnold,* 17 *Pick.* 9, Mr. Justice Putnam says, " in every action the verdict is conclusive as to the subject matter of the suit, and any matter particularly put in issue and found by the jury. And it will not be competent for a party in any other action to deny or plead any thing to the contrary of what has been so found and adjudicated. Thus, if the demandant in a writ of entry has a judgment against him by the tenant, in a writ of trespass *quare clausum fregit,* upon an issue of soil and freehold, he cannot be permitted to say that at the time when the action of trespass was commenced, the soil and freehold were not in the tenant." We think, then, that the former judgment is admissible in evi-

dence, in this case ; and the question arises, whether the tenant can avail herself of it, as an estoppel, when offered in evidence, as it is here, under the general issue.

It appears to be a matter of considerable doubt upon the authorities, whether a former recovery upon the same point, between the same parties or their privies, be conclusive when given in evidence. In a note in 2 *Smith's Leading Cases,* 444, 445, there is a very careful and able examination of the cases bearing on the question ; and the result at which the annotator arrives is, that the recovery is conclusive as a plea, where there is an opportunity of pleading it, and that it must be pleaded, where the party has an opportunity, in order to make it conclusive ; but that where there is no such opportunity, then it is conclusive as evidence ; and he states that an analysis of the cases shows that this distinction is recognized in all of them.

On the other hand it is said, in 2 *Phill. & Am. on Evidence* 512, that "it appears inconsistent that the principle of the authority of a '*res judicata*' should govern the decision of a *court*, when the matter is referred to them by pleading the estoppel, but that a jury should be at liberty to disregard this principle altogether ; and that the operation of such an important principle as that of the '*res judicata*' should depend upon the technical forms of pleading in particular cases." And Mr. Justice Cowen, in note 558 to 1 *Phill. on Ev.* 322, is of opinion, upon a careful review of the cases, that, when fairly admissible under general pleadings, a former recovery is entitled to the same operation as if pleaded specially.

But it is not necessary that the question should be settled here, because there is another rule applicable to the case, and which all the authorities admit to be law ; which is, that where the party has had no opportunity to plead the judgment by way of estoppel, it is equally conclusive when given in evidence. *Howard* vs. *Mitchell,* 14 *Mass.* 241 ; *Adams* vs. *Raines,* 17 *Mass.* 365 ; *Trevivan* vs. *Lawrence,* 1 *Salk.* 276 ; 3 *Ditto* 151 ; 2 *Ld. Raym.* 1051 ; *Kitchen* vs. *Camp-*

bell, 3 *Wilson* 304 ; *Magrath* vs. *Hardy*, 4 *Bing. N. C.*
782. And the case of *Vooght* vs. *Winch*, 2 *B. & A.* 662,
which has been often cited as an authority to show that a
judgment is not conclusive when given in evidence, is de-
cided expressly upon the ground that the party might have
relied upon it, in pleading, as an estoppel, and that, not hav-
ing so pleaded it, the jury may disregard it, when offered in
evidence.

It is said by Richardson, C. J., in the case of *Towns* vs.
*Nims*, 5 *N. H. Rep.* 259, that, to constitute a legal estoppel
to a subsequent suit, the fact tried in the former suit must
have been in issue upon the face of the pleadings, and the
verdict must be pleaded as an estoppel ; and *Vooght* vs. *Winch*
is referred to, as sustaining this position. The Chief Justice
did not advert to the distinction to be found in the books,
that the verdict is conclusive in evidence, where the party
has had no opportunity to plead it ; nor was it necessary in
that case to inquire into the manner in which he must avail
himself of it as an estoppel. We do not, therefore, consider
the remark we have quoted as an authority for the position
that, to be conclusive, it must be always pleaded.

It is, then, necessary to inquire, whether the tenant in this
case has had an opportunity to plead the judgment? In the
case of *Whittemore* vs. *Shaw*, 8 *N. H. Rep.* 393, it was held,
that where a verdict and judgment had been rendered on a
petition for partition, against the demandant, and he subse-
quently brought a writ of entry for the same premises, and
attempted, on the trial of the general issue, to set up the title
which had been tried on the petition for partition, the for-
mer verdict and judgment might be given in evidence to
estop him in the writ of entry. From the authorities cited
by the court, it would seem to have been their opinion that
where the title of the plaintiff is not set forth in the plead-
ings, the defendant has no opportunity to plead his estoppel,
and may give it in evidence, with as much effect as if it had
been pleaded.

Dame *v.* Wingate.

In the case of *Adams* vs. *Barnes*, 17 *Mass.* 365, a similar principle is recognized. There, a mortgagee brought an action to recover possession of the mortgaged premises, and the mortgager defended on the ground of usury, but without success, and the mortgagee had judgment. The mortgager then conveyed his right to a third person, who brought a writ of entry against the mortgagee, and attempted to support his action by proof of the usury. But it was held, that he was estopped by the former judgment, and that it was conclusive without being pleaded. The reasons given by Mr. Justice Jackson are as follow : He says, " it is settled that an estoppel like the present, which affects the title and estate, shall in general have the same effect when offered in evidence, as when specially pleaded. The exception is, when the point in question is presented by the pleadings, and is alleged or denied, as the case may be ; and the other party, instead of pleading the estoppel, puts the question of fact to the jury. * * * The case at bar is clearly not within the exception. The declaration contains no intimation of the origin of the demandant's title, and it would have been irregular, if it had. The demandant counts on his own seizin in fee, and alleges a disseizin by the tenant. The latter could not know, from such a declaration, that the demandant's title was derived from the mortgager. He was not bound, nor would it even be safe for him, to rely merely on the estoppel to the mortgager and his assigns. Under such a declaration, and the general issue, the demandant was at liberty to show a right of possession in himself by any title, and any evidence in his power ; and the tenant might, in like manner, rebut the demandant's evidence, and show a right of entry or of possession in himself. If an estoppel, by judgment or otherwise, made part of the tenant's title, it was no more necessary for him to plead it, than it would have been to set forth in a special plea all his title deeds, and every other part of his evidence." The same reasoning is applicable here. The tenant could not know what the demandant's title was,

until it was shown in evidence.    He could not anticipate that he would claim under a conveyance from James Dame.    It is expressly decided, in *Whittemore* vs. *Shaw*, 8 *N. H. Rep.* 393, that the tenant cannot plead that the demandant claims by a particular title, set it out, and then allege matter in estoppel; because the issue might then be, whether the demandant claims under the particular title set up for him by the tenant, which would be absurd; because, if found for the demandant, it would settle nothing.

We are, therefore, of opinion, that as it appears by the judgment, and upon the face of the pleadings in the former suit, that the demanded premises were not the soil and freehold of the demandant, by which judgment the privies in estate of those parties, and the parties themselves, are bound, and of which they may take advantage ; and, as the tenant has had no opportunity to plead that judgment by way of estoppel, it is now conclusive when offered in evidence under the general issue, and that the tenant is entitled to

*Judgment on the verdict.*