# REPORTS.

## CHESHIRE,

### JULY TERM, A. D. 1844.

## KING, Admr., *vs.* CHASE.

A verdict and judgment, between third persons, may be offered in evidence by way of inducement, or to prove a collateral fact.

They may be used as evidence between the same parties, and their privies, in bar of another action for the same cause, if there is no opportunity to plead the judgment in bar; and when so used the evidence is conclusive.

But they cannot be used as evidence to the jury, merely to influence their opinion, because another jury had in a former action decided in a particular manner, and thus to induce them to find the fact as the first jury found it.

If, from the general nature of the pleadings, the matter in issue, and which is tried in the case, does not appear upon the record, it may be shown by extrinsic evidence.

The judgment is conclusive only upon the matter which was directly in issue upon the former trial.

By "the matter in issue" is to be understood that matter upon which the plaintiff proceeds by his action, and which the defendant controverts by his pleadings.

Facts offered in evidence to establish the matter which is in issue, are not themselves in issue within the meaning of the rule, although they may be controverted on the trial.

Thus where an action of trover is brought, alleging the conversion of certain articles, and a deed is offered in evidence to establish the title of the plaintiff, and impeached by the other party as fraudulent, if the jury in considering the case are of opinion that the deed is fraudulent, and they find that the property in question is not the property of the plaintiff, and return a verdict that the defendant is not guilty, the verdict and judgment will not conclude the plaintiff, in another suit, for the recovery of other property included in the same

conveyance. Nor can the verdict be used in evidence to impeach the deed in such subsequent suit.

A verdict and judgment for the defendant, in an action against a deputy of the sheriff, may be given in evidence by the sheriff, in a subsequent action against him for the same alleged act or default of the deputy.

TRESPASS, for taking and carrying away thirty t ns of hay, five tons of corn fodder, and other articles, on the 17th day of August, A. D. 1841.

Plea, the general issue.

It appeared in evidence, on the part of the plaintiff, William King, that his father, William King the elder, died January 14, 1841. His will was executed March 30, 1835, was proved in March, 1841, and the plaintiff appointed administrator with the will annexed. The probate of the will was revoked, and the will declared null, in March, 1843.

On the 27th of June, 1841, the plaintiff took a mortgage from Oliver King, conveying to him all the crops then growing on a certain farm in Charlestown, where the mortgager then lived, which included the property in question, and also a large quantity of oats growing on said farm, to secure the payment of a note to the testator, executed by said Oliver, for the sum of one thousand dollars, on demand, *without interest*. The note was not dated.

The defendant was sheriff of the county of Sullivan, and one James C. Stebbins was his deputy, and, as such deputy, on the 17th day of August took and carried away the property in question and sold it at auction.

The defendant offered evidence tending to show that Oliver King was justly indebted to one George H. Ingersoll in a large sum, who on the 1st day of August, A. D. 1841, sued out a writ of attachment against him, and committed it to said Stebbins for service, and that Stebbins by virtue thereof attached the property in question, with the oats, as the property of Oliver; and that the conveyance to the plaintiff was fraudulent and void as against creditors.

The defendant contended that the money for which the note described in the mortgage was given, was a gift by the father to

King *v.* Chase.

Oliver, as an advancement out of his estate, and never to be repaid, and that the note was taken merely as evidence of the sum advanced, and not as evidence of a debt to be repaid, and that the plaintiff knew those facts.

He gave in evidence the record of an action of trover, in which the plaintiff had sued Stebbins for taking the oats described in the same mortgage, and in which there was a verdict and judgment for the defendant, which was satisfied. The action was tried October term, A. D. 1842.

He then offered parol testimony tending to show that at the trial of the action, the only question submitted to the jury, and by them determined, was, whether the mortgage in question was fraudulent, and that it was so found by the jury. The witness by whom this fact was proved was one of the jurors who tried the case. To this evidence the plaintiff objected, and introduced evidence that the action of trover had been reviewed, and that the action of review was then pending; but the judge admitted the testimony.

The court instructed the jury that as the deputy, Stebbins, was responsible over to the defendant, they might be considered the same parties in interest; and if the jury were satisfied that the mortgage had been once passed on by another jury, in an action between this plaintiff and Stebbins, and determined to be fraudulent, and that verdict was still in force, they might consider that fact as evidence, though not conclusive, that the mortgage was fraudulent.

The jury returned a verdict for the defendant, and the plaintiff moved for a new trial.

*E. L. Cushing,* (with whom was *Hubbard,*) for the defendant.

1. The real defendant in the present action is the deputy, James C. Stebbins, the real and nominal defendant in the former action of trover. He seeks now to avail himself of the former verdict, and he is bound by it. In all such cases it is enough if the real parties are the same. *Robinson* vs. *Leavitt,* 7 *N. H. Rep.* 73.

2. In such a case the verdict and judgment may be used as

evidence, though not conclusive. *Eastman* vs. *Cooper*, 15 *Pick.* 276. It will be enough for our case if the authority of Eastman *vs.* Cooper be recognized as law; but we are inclined to go farther, and maintain that the verdict and judgment were conclusive. We think the authorities will bear us out in the following positions.

3. The judgment of the same court, or a court of concurrent jurisdiction, is as a plea, a bar, or as evidence, conclusive, between the same parties, upon the matter directly in question. *Dutchess of Kingston's Case*, 2 *Howell's State Tr.* 538; *Hitchin* vs. *Campbell*, 2 *W. Black. R.* 827; *Towns* vs. *Nims*, 5 *N. H. Rep.* 259.

4. Parol evidence may be offered to explain the record, and shew what particular matters were the subject matter of the judgment. *Hadley* vs. *Green*, 2 *Tyrw.* 390; *Cheshire Bank* vs. *Robinson*, 2 *N. H. Rep.* 129.

5. A verdict with judgment thereon, on any point directly in issue on the face of the pleadings, will be an estoppel, if properly pleaded as such. *Outram* vs. *Morewood*, 3 *East* 346.

6. If it do not appear from the record that the verdict and judgment in the former suit were directly upon the point which is attempted to be again litigated in the second suit, that fact may be shown *aliunde*, provided the pleadings in the first suit were such that the point was fairly comprehended within the issue, and that it also appeared that the verdict must necessarily have involved the consideration and determination of that fact by the jury. *Woods* vs. *Jackson*, 8 *Wend. R.* 10; *Lawrence* vs. *Hunt*, 10 *Wend.* 80.

7. If the allegations on the record are such that the party relying on the estoppel cannot plead it, he may give it in evidence with the same effect. *Whittemore* vs. *Shaw*, 8 *N. H. Rep.* 393.

8. A judgment is always pleaded in bar, and not as an estoppel. See the precedents in 7 *Wentworth* 188, and *Wentworth passim*.

9. A verdict and judgment thereon is pleaded as an estoppel. *Outram* vs. *Morewood*, 3 *East* 346.

If the validity of the mortgage had been directly in issue on

King *v.* Chase.

the face of the pleadings, the case of *Outram* vs. *Morewood* would, as we think, show conclusively that the verdict with judgment thereon would be an estoppel.

It being shown that, under the general pleadings, the *only* point actually tried and determined by the jury was the validity of the mortgage, will not the verdict and judgment be equally conclusive ? This we apprehend is the *point* on which this part of the case turns ; and we maintain on the authority of *Woods* vs. *Jackson*, (8 *Wend.* 10,) that the verdict in this latter case will be so.

*Vose,* and *Edwards,* for the plaintiff.

PARKER, C. J. A verdict and judgment between third persons may be offered in evidence by way of inducement, or to establish a collateral fact. *Greenl. Evid.* 564. In those cases it is only by way of proof of the fact tried or found. And if that matter does not appear, by reason of the generality of the pleadings, it may be made certain by evidence *aliunde.* 3 *Pick. R.* 429, *Parker, Admr.,* vs. *Thompson.* When thus offered, it is usually conclusive evidence of the fact established by it, and no more. See 1 *Stark. Ev.* 183–187.

A verdict and judgment may be used as evidence between the same parties and their privies, as a bar, in another action for the same cause. The matter may be pleaded, if there be an opportunity to plead it. When thus pleaded it is conclusive.

And where there is no opportunity to plead the judgment in bar, it may be given in evidence, and is equally conclusive of the matter which is established by it. 12 *N. H. Rep.* 291, *Dame* vs. *Wingate.*

There are cases which hold that it may be evidence between the parties when offered as a bar, but not conclusive evidence. See *Doug.* 517, *Kinnersley* vs. *Orpe.* But this cannot be supported upon principle. The operation of such a rule would be to authorize the introduction of the verdict of one jury in evidence, not to show that the matter in question had been tried and settled, but to influence the minds of a jury, having a similar question before them, to find the fact in the same way that the

former jury found it—upon the faith that the first jury were capable, and duly investigated the subject upon competent proofs, and therefore probably found the fact correctly. It is quite evident that the weight to be given to it in that view is entirely uncertain. In order to understand its true value, and the weight which ought to be given to it in establishing the matter in question and upon trial, the capacity of the former jurors should be shown, and the manner of the trial, that it may appear how distinctly the proofs and arguments were laid before them. The proofs themselves, and the arguments used on the former trial, should also be shown ; for otherwise the second jury could not know whether the case was fully considered. And to all these there should be added a statement of the grounds upon which the former jury proceeded in making up their verdict.

It is only upon evidence of this character that the jury, to whose consideration the verdict and judgment are offered as a matter of evidence which should have some influence in determining the disputed fact, can have any reasonable idea how much weight they ought to attach to it. But this evidence they cannot have. See 3 *Stark. Ev.* (1 *Am. Ed.*) 1297 ; 1 *Phil. Ev.* (5 *Am. Ed.*) 323.

If a verdict and judgment are admitted as evidence of any matter tried and found, they furnish evidence that it has passed *in rem judicatam.* If so, that is not a mere matter to influence a jury, or not, according as opinion, whim, or caprice, or even as a sound judgment respecting the competency of the former jury to judge, may dictate. As a mere fact, it has no bearing upon the merits of the case, in connection with other evidence of facts to show the truth of the matter previously found ; because it is not a fact which occurred in connection with such other facts, but it is of itself a conclusion, or result, from the consideration, or trial, or admission, of such other facts, or some of them.

As evidence to show that the matter in controversy between the parties has been considered, settled, and passed into judgment, it is conclusive.

And here again, if from the general nature of the pleadings the matter which has been tried does not appear upon the face

of the record, it may be shown by other evidence. 7 *Cranch* 565, 567, *Young* vs. *Black.*

But the judgment is thus conclusive only upon the matter which was directly in issue upon the former trial; and the question arises, what is to be understood by the "matter in issue." *The Dutchess of Kingston's Case,* 11 *State Trials* 261, furnishes the rule. It has been repeatedly sanctioned.

"From the variety of cases (said Lord Chief Justice DeGrey, in that case,) relative to judgments being given in evidence in civil suits, these two deductions seem to follow as generally true; first, that the judgment of a court of concurrent jurisdiction, directly upon the point, is as a plea, a bar; or, as evidence, conclusive between the same parties, upon the same matter, directly in question in another court; secondly, that the judgment of a court of exclusive jurisdiction directly upon the point, is, in like manner, conclusive upon the same matter, between the same parties, coming incidentally in question in another court, for a different purpose. But neither the judgment of a concurrent or exclusive jurisdiction is evidence of any matter which came collaterally in question, though within their jurisdiction; nor of any matter incidentally cognizable; nor of any matter to be inferred by argument from the judgment." See *Greenl. Ev.* 565; 1 *Phil. Ev.* 321; *Hale's Com. Law* 33, *note.*

All are agreed in the rule, but the difficulty lies, in its application, in determining what is meant by a judgment directly upon the point. See 1 *Stark. Ev.* 190; 2 *Wm. Black. Rep.* 831, *Hitchin* vs. *Campbell;* 1 *Story's C. C. R.* 474, *Mallett* vs. *Foxcroft;* 3 *Sumner's R.* 165, *Wadleigh* vs. *Veazie.*

Any fact attempted to be established by evidence, and controverted by the adverse party, may be said to be in issue, in one sense. As, for instance, in an action of trespass, if the defendant alleges and attempts to prove that he was in another place than that where the plaintiff's evidence would show him to have been at a certain time, it may be said that this controverted fact is a matter in issue between the parties. This may be tried, and may be the only matter put in controversy by the evidence of the parties.

But this is not the matter in issue, within the meaning of the rule.

It is that matter upon which the plaintiff proceeds by his action, and which the defendant controverts by his pleadings, which is in issue.

The declaration and pleadings may show specifically what this is, or they may not. If they do not, the party may adduce other evidence to show what was in issue, and thereby make the pleadings as if they were special.

But facts offered in evidence to establish the matters in issue, are not themselves in issue, within the meaning of the rule, although they may be controverted on the trial. Deeds which are merely offered in evidence are not in issue, even if their authenticity be denied.

When a deed is merely offered as evidence to show a title, whether in a real or personal action, there is no *non est factum* involved in the matters put in issue by the plea of *nul disseizin*, or not guilty, which makes the execution of that deed a matter in issue in the case, notwithstanding the jury may be required to pass upon the fact of its execution. The verdict and judgment do not establish that fact the one way or the other, so that the finding is evidence. The title is in issue. The deed comes in controversy directly, in one sense; that is, in the course taken by the evidence it is direct and essential. But in another sense it is incidental, and collateral. It is not a matter necessary, of itself, to the finding of the issue. It may be made so by the parties.

This may be illustrated by the case before us. Laying out of consideration the question whether this is a case between the same parties, the former action was for taking certain oats. The matter in issue was the title to the oats, and the conversion by the defendant in that case. Upon that the jury passed. They found that the plaintiff had no title, or that the defendant did not convert them, which may be involved in the first.

It may be shown by parol evidence, if necessary, upon which ground the verdict proceeded, and it appears in this case that

King *v.* Chase.

they found the plaintiff had no title. The conversion by the defendant in that case was not denied, if the plaintiff had title.

That matter then is settled. The verdict and judgment may be given in evidence in another action for the oats, between those parties, and is conclusive. But that is the extent of what was in issue.

It appears that the title set up in that case was by a mortgage. In finding that the plaintiff had no title, the jury must have been of opinion that the mortgage was fraudulent. It is contended that this was in issue and the only matter in issue.

But this was only a controversy about a particular matter of evidence, upon which the plaintiff then relied to show title. If that was the only matter in issue, the plaintiff might bring another suit for those oats, against the same defendant, and, relying upon some other title than that mortgage, try the title to the oats over again. Can he do so ? Clearly not; and the reason is, that it is his title which has been tried, and he is concluded.

The title, however, which has been tried, was only his title to the oats.

The question whether the mortgage was fraudulent came up only incidentally, by reason of his relying on that as his title. But the mortgage was not the matter in issue. 5 *N. H. Rep.* 263, *Towns* vs. *Nims.*

And while the finding is conclusive on the question of his title to the oats, it is neither conclusive, nor evidence, upon any thing else, because nothing else was in issue.

It appears from this that it is important to apply the rule to what was in issue in the action, and not to what was merely incidentally in controversy in the evidence.

It is important for the security of both parties.

In this case there might be no great mischief, if the rule was held to apply to the matter in evidence, instead of that in issue. The controversy in the former case seems to have been simple. If the parties were the same, the plaintiff might not complain of injustice if it were held that he is concluded by the finding of the former jury; having once submitted the controversy raised

by the evidence, whether the mortgage was fraudulent, to a jury, and their verdict having shown that they must have so found it.

But the principle applicable here must be applied in other cases, where the matters in evidence are more complicated, and where it would admit of more doubt how the jury regarded the evidence, and what facts they actually found.

The rule then would have to be confined to what the jury must necessarily have found, which would still shut out as evidence a great many matters actually tried, and as clearly found as any thing found in relation to this mortgage; or it must in many cases be left to the testimony of the jurors what facts they did find, which, when applied to all the controverted matters of evidence arising in a cause, might lead to great uncertainty and confusion.

On the other hand, it would be great injustice to the defendant in the former action to hold that the matter in question was whether the plaintiff's mortgage was fraudulent or not; that this was tried in that case, and not his title generally; and that the plaintiff might commence another suit for the oats and set up another title, because no other title except the mortgage title had been tried.

The title to the property now in question has not been tried. If the plaintiff has no title to it but the mortgage, the defendant may show that the mortgage was fraudulent, by the same evidence by which that matter was shown before.

There are cases which conflict to some extent with the principle we have thus stated; some of them holding that in order to make a record evidence to conclude any matter, it should appear from the record itself that the matter was in issue, and that evidence cannot be admitted that under such a record any particular matter came in question; while others maintain that a former judgment may be given in evidence, accompanied with such parol proof as is necessary to shew the grounds upon which it proceeded, where such grounds, from the form of the issue, do not appear by the record itself; provided that the matters alleged to have been passed upon be such as might legitimately have been given in evidence under the issue joined, and such that, when proved to

have been given in evidence, it is manifest by the verdict and judgment that they must have been directly and necessarily in question and passed upon by the jury.  3 *Wend. R.* 27, *Jackson* vs. *Wood ;* 8 *Wend.* 9, *Wood* vs. *Jackson in error.*

While on the one hand we do not, with the supreme court, deem it essential that the record should of itself show that the matter was in issue, in order to make the determination of it conclusive ; we are of opinion, on the other, that the general principle laid down in the court of errors is too broad, in holding the judgment to be conclusive upon all matters which might legitimately have been given in evidence under the issue joined, and such that, when proved to have been given in evidence, it is manifest by the verdict and judgment that they must have been directly and necessarily in question and passed upon by the jury ; as this must include all matters which came in question collaterally, by the evidence offered, if they were of such a nature as that it appears the jury must or should have passed upon them.

Upon the remaining point we are of opinion that there is sufficient privity between the sheriff and his deputy, here, to make the judgment in the suit against the deputy evidence, if it had been upon the same point now in issue.  The sheriff is responsible for the acts of his deputy in attaching property.  The plaintiff might have sued the defendant for the act of Stebbins in taking the oats.  But he had the right also to sue Stebbins himself, and this he elected to do.  Having litigated the title to the oats with him, and failed, he ought to be precluded from trying the same matter in another suit against the defendant, on the ground that the defendant is responsible, and that he had a right of action against him also.  1 *Stark. Ev.* 192–195, § 61.

*Verdict set aside, and new trial.*