## Fogg *v.* Plumer & a.

In a writ of entry, the plaintiff cannot, for the purpose of rebutting the defendant's evidence, introduce in evidence the verdict and judgment in an action of trespass, relative to the same land, brought by a person through whom the plaintiff does not derive title, in which action judgment was rendered against the same defendants. Nor, even if the action were between the same parties, would the verdict and judgment be evidence, unless the matter desired to be proved was in issue in the former action.

No privity of title can be inferred by a jury between A and B, because A has acted as the agent of B in the trial of an action relative to the same title, between B and the same defendants.

Fogg *v.* Plumer.

WRIT OF ENTRY, to recover land in Epping. Plea, the general issue. Both parties claimed under John Straw, who died about the year 1832. The plaintiff proved title in Straw, and that he lived on the premises till his death, and produced a quitclaim deed from Straw's heirs to himself, dated March 10, 1833.

The defendants, to prove title in themselves, produced a copy of the deed of the premises from Straw to one Cilley, dated May 4, 1822; a deed from Cilley to themselves and one Samuel Plumer, dated December 30, 1822, and a quitclaim deed from Plumer to themselves, dated March 20, 1837. These deeds were duly recorded. To rebut this evidence the plaintiff undertook to show that the deed to Cilley was never delivered, but was taken from Straw's possession without his knowledge and against his will. For this purpose the plaintiff offered a copy of the record of an action of trespass in the court of common pleas in this county, in which Mehitable, the widow of John Straw (who resided on the premises after his death) was the plaintiff, and one of these defendants and said Samuel Plumer were the defendants, for breaking and entering her close, to wit, the premises now in question; in which action the verdict and judgment was for the said Mehitable. The plaintiff further offered parol evidence to prove that the then defendants had, in said action, offered in evidence and relied on the same deeds now produced by the present defendants; and that the main question submitted to the jury in that action was the question of the delivery of said deed to Cilley; also, that he (the present plaintiff) attended, and acted as the agent of said Mehitable at that trial; which, he contended, raised a presumption that she held under him, and established such a privity between them as made that verdict and judgment competent evidence in this present action. The defendant objected to the admission of this evidence, but the court admitted it.

---
Fogg *v.* Plumer.
---

The defendants then offered copies of the record in a subsequent action by said Mehitable against the present defendants, which was a writ of entry, to recover the same premises, in which she counted on her own seizin, and a verdict and judgment were had against her. They also offered parol evidence that the present plaintiff in that action also acted as her agent, and claimed that it should be received as showing that he then admitted title in her, and considered his own title invalid, and also as rebutting any presumption that in the action of trespass she was the tenant of the present plaintiff. To this the plaintiff objected; but the court admitted the evidence offered, excepting the verdict and judgment.

The jury returned a verdict for the plaintiff, and the defendants now move to set it aside and for a new trial.

*Bell & Tuck,* for the plaintiff. The question is whether there is privity between Mehitable Straw and the plaintiff; for which we cite *Kinnersly* v. *Orpe,* Doug. 56; 4 Dall. 436; 1 Stark. Ev. 122, 123; 1 Stark. R. 347; 5 Esp. 59; 2 Pick. 20, *Standish* v. *Parker.*

The issue, not guilty, in an action of trespass, puts in issue the question of title. 2 Black. 827; 3 Wils. 404; 5 Esp. 56; *Burrill* v. *West,* 1 N. H. 192; 1 Stark. Ev. 217; 16 East 334; 1 Ld. Raym. 730.

*Christie,* for the defendant.

PARKER, C. J. There is no privity between Mehitable Straw and the plaintiff. He does not derive the estate which he claims from her, nor appear to hold any thing through any conveyance from her. She appears to have been in possession of the land in question, and to have brought an action of trespass against one of the defendants and Plumer, who quitclaimed to them. It does not appear what title she set up. There is nothing to show that

Fogg *v.* Plumer.

she was the tenant of the plaintiff. No presumption of such tenancy arises from the fact that he attended to and managed the suits which are mentioned in the case. On the contrary, the evidence tends to show that he acted as her agent. Whatever he did in that respect, it in no way connected him with the title.

The defendants in that suit set up as against her a title under a conveyance from her former husband, John Straw, to Joseph Cilley, and she contended that the deed was never delivered. That was the main question submitted to the jury, and she obtained a verdict and judgment.

But the plaintiff cannot avail himself of that verdict and judgment to estop the defendants from setting up title against him, because he does not claim under her. If the judgment had been the other way, the defendants could not have availed themselves of it against the plaintiff in this action. It would be unjust therefore to permit it to be introduced against them. Estoppels are mutual.

But there is another reason. The question whether the deed had been delivered was not the matter in issue in that cause. The issue was whether the defendants had or had not committed a trespass upon the plaintiffs in that action. The other matter came up incidentally, and was tried. But the verdict and judgment do not settle that conclusively except for the purposes of that action; nor can that verdict and judgment be given in evidence to influence the determination of the jury in this action. When a verdict and judgment are evidence of the matter tried, they are conclusive of whatever is settled by the judgment. *King* v. *Chase*, 15 N. H. Rep. 9.

The plaintiff's title, being independent of the title of Mehitable Straw, whatever that was, he must sustain his right independently of any judgment which she obtained in asserting her title.

*Verdict set aside.*