The opinion of the Court \vas delivered by
Glover, J.
The grounds of appeal present two questions for the consideration and judgment of the Court:
1. Was there such a seizin of her husband in the land as will confer on the demandant a title to dower?
2. Was the instrument, introduced on the part of the defendant, effectual as a mortgage ?
1. An actual seizin, or seizin in deed, is not indispensable to sustain a widow’s title to dower. It is sufficient that her husband had, during the coverture, a seizin in law. In this, dower and curtesy differ; the reason assigned for the distinction being, that the husband has the power of procuring the actual seizin of his wife’s land; but the wife cannot compel her husband to enter upon his own land. (Co. Litt. 31 a.)
The widow cannot legally claim, nor is she by law presumed to have, the custody of the muniments ; and, therefore, proof of the possession of, or a conveyance to, her husband, without the production of the whole chain of title, will be prima facie evidence of his seizin. Consequently the deed executed by the Commissioner to William E. Pledger furnished presumptive evidence of a seizin in law and will sustain a verdict for the demandant, unless from the want of apt words a legal seizin will *270 not be inferred, or unless the defendant has shown title paramount which will avail to defeat the claim of dower.
The reasons which have influenced the judgment of the Court and the ground on which their conclusion is placed, 'in respect to the motion for a non-suit, make it unnecessary to decide, whether there be such an omission of words, showing an intention to convey, as renders the deed from the Commissioner in Equity “ ineffectual to vest the seizin in William E. Pledger.”
To this deed, through several mesne conveyances, the defendant traces his title ; and on it he relies to defeat the demand-ant’s claim of dower. He, therefore, repudiates a link in the very chain of title by which he claims to hold and to be seized of this land. Shall he be permitted, in the same breath and by virtue of the same deed, to assert the seizin of Wm. E. Pledger, to sustain his title, and deny it for the purpose of defeating the demandant’s 1 Generally, a purchaser is concluded from impugning a title under which he has accepted and holds an estate.
“ Where parties, in an action relating to land, claim through the same person and rely on a title in him, they shall be obliged to admit the whole of such title as valid, and shall not be allowed to insist on that portion which makes in their own favor and reject the rest.”
The very point involved has been frequently decided in New-York. A grantee claiming under the husband is estopped from denying his seizin in an action for dower brought by the widow. (Sherwood vs. Vandenburg, 2 Hill, 303; Bowne vs. Potter, 17 Wend. 164; Davis vs. Darrow, 12 Wend. 65.) A feme who claims dower shall have advantage of an estoppel by deed between her baron and the tenant. (Co. Litt. 252 a.) He who claims the fee, under a deed from which others derive their rights, is concluded from denying the validity of such deed under the allegation that it is defective. If the Commissioner’s deed be sufficient to convey the fee in this land to William E. Pledger, from whom the defendant derives his title, it will furnish evidence of a legal seizin on which his widow’s title to dower will attach.
*271 This Court, therefore, concurs with the Circuit Judge in refusing to grant a non-suit, and the motion is dismissed.
2. The next ground of appeal submits the question, whether the instrument introduced by the defendant is effectual as a mortgage ? The judgment of the Court on this question supersedes the necessity of expressing any opinion respecting the number of witnesses required for the legal' attestation of a mortgage of real estate.
The demandant offered in evidence the conveyance from George Bruce, Commissioner, to Wm. E. Pledger to prove the seizin of her late husband ; yet she insists, that the mortgage, executed by her husband at the same time to secure the payment of the purchase money, creates no lien on the land, because it was not legally attested, and that it cannot operate as an incumbrance or charge to abridge her right of dower. Such an objection would not have availed Wm. E. Pledger; and those claiming under him, quoad the subject matter, can be in no better situation; qui sentit commodum, sentire debet et onus. Proceedings were instituted after judgment, by suggestion in the Court of Common Pleas, to foreclose the mortgage; the land was sold by order of the Court, and Wm. E. Pledger’s right to redeem was barred. He was, therefore, estopped by this record from denying that the mortgage deed was ineffectual to create a lien for the want of attestation ; and the conclusion of an estoppel extends not only to the parties but to privies, embracing the lord by escheat, the tenant by the curtesy, the tenant in dower, and the incumbent of a benefice, who are bound by, and may take advantage of, estoppels. (Co. Litt. 352 b.) It is fit that judicial determinations should not be again drawn into controversy by those who were parties to the determination, or by privies in blood, in law, or by estate, otherwise there would never be an end of litigation.
If the demandant claim to be endowed of land by virtue of the seizin of her husband, under a title which is encumbered, she will be estopped from denying the incumbrance which would have concluded her husband in his lifetime. In Denn *272 vs. Cornell, (3 Johns. Cases, 174,) a plaintiff, claiming as heir, was held to be estopped by the recital in the will of his ancestor, that he had conveyed the premises in question to a third person, and was not allowed to give parol evidence for the purpose of showing that such conveyance was but for life.
Where a plaintiff, ill a writ of entry against a mortgagee in possession, relied at the trial ou a title from the mortgagor and attempted to set aside the mortgage on the ground of usury, it was held that the defendant might give in evidence, as an estoppel, a former recovery against the mortgagor, in a suit wherein the same averment of usury had been unsuccessfully set up as a defence by the latter. (Adams vs. Barnes, 17 Mass. 370.)
William E. Pledger would have been estopped by Iiis deed and by the record from denying the validity of his mortgage, and the same estoppel will operate to conclude his widow from claiming the assignment of dower under her husband’s seizin, except in such surplus as shall remain after payment of the mortgage debt. A mere transitory seizin of the husband for the purpose of reconveying the land by way of mortgage will abridge the title of dower, and the demandant, in such a case, takes her dower cum onere. If there be any surplus, therefore, after satisfying thé mortgage security, she may be endowed of that.
A majority of this Court concurs in granting a new trial on the second ground of appeal, and that the writ do issue to ad-measure and ascertain her dower in any surplus which may remain after paying the mortgage incumbrance.
O’Neall, Wardlaw, Withers and Whitner, JJ., concurred.