## POTTER *v.* BAKER.

Where the demandant in a writ of entry counts upon his own seizin, without stating his title, the tenant cannot plead that he claims by a particular title, setting it out, and then allege matter in estoppel.

A fact found by a former verdict to constitute a legal estoppel, must have been in issue upon the former pleadings directly and not collaterally: so that a verdict and judgment in an action of trespass *de bonis asp.*, where the plea was *not guilty*, and the ownership of the goods depended upon the title to land, is no estoppel to an action for the possession of the same land between the same parties and their privies.

A writ of entry *sur disseizin* is a proper and recognized form of action.

WRIT OF ENTRY *sur disseizin*, to recover possession of land in Loudon, in the county of Merrimack.

Plea 1st. Nul disseizin. 2. A former verdict and judgment obtained by the defendant, at the September Term, 1832, of the Superior Court for the county of Merrimack, against one Richard Potter, in an action of trespass for taking and carrying away certain shooks of rye, to which said Richard Potter pleaded not guilty; and that in the trial of that issue, the question of the title of the present defendant, or of Richard Potter, to the premises now demanded, was distinctly raised and considered and decided by the verdict in favor of the present defendant; that the demandant had no right or title in the demanded land, except as grantee of Richard Potter, under a deed from whom alone he claimed, and that it was the same the title to which was in controversy between the present defendant and Richard Potter.

Upon demurrer by the plaintiff, and joinder, the questions were reserved for the decision of this court. Upon the argument, an objection was made to the form of the writ.

*Pierce & Minot,* for the plaintiff.

*Perley* and *Fowler,* for the defendant.

Potter *v.* Baker.

Wilcox J.   The case *Whittemore* v. *Shaw*, 8 N. H. Rep.
393, settles the question that this special plea cannot be sus-
tained.   The demandant alleges generally that he is seized,
without setting out the particulars of his title.   The tenant
cannot set up a particular title for him, allege that the de-
mandant claims under that title, and then plead matter of
estoppel under it.   If, when the demandant's title is shown,
the tenant has matter of estoppel against it, he may give it
in evidence, having had no opportunity to plead it.   *Adams*
v. *Barnes*, 17 Mass. 365; 1 Stark. Ev. 303.

But a fact found by a verdict and judgment, to constitute
estoppel, must be *res judicata:* that which was necessarily
and immediately found according to the pleadings, not that
on which the verdict was merely based—a fact in issue, as
distinct from a fact in controversy.   *Towns* v. *Nims*, 5 N. H.
Rep. 259; *King* v. *Chase*, 15 N. H. Rep. 9.

In actions for torts generally, nothing is conclusively
settled but the point or points put directly in issue.   Thus,
in trespass, upon *not guilty* pleaded, the title is not con-
cluded; though if the title is put in issue by a plea of soil
and freehold, the verdict will be conclusive in another action
of trespass for an injury done to the same land.

It is usual in our writs to name the action brought; to
say that the defendant is attached to answer, as in a plea of
trespass, of debt, of the case, or of covenant broken.   The
demandant has so done in this case—" on a plea of entry on
disseizin," where he demands possession of a tract of land.
In the early history of this court, actions on the case were
brought for the recovery of real property.   Afterwards the
declaration was, in a plea of ejectment, although it was in
fact a writ of entry, and not of ejectment, properly so called;
and this mode of declaring was adopted in some books of
precedents of authority, and continued to a late day.   We
now say, " in a plea of land," which is a very general term,
and in fact there is no such action.   There is a writ of right,
and a writ of entry, and of dower, and other actions to re-

cover land.   There is such an action as a writ of entry *sur
disseizin,* and that is the action brought.   The demandant,
therefore, has been even more particular and exact than the
usual practice requires; for instead of saying that he has
brought an action for the recovery of land, which is all that
is meant by a plea of land, he has particularized his action
as a writ of entry *sur disseizin.*   On the whole, therefore,
the declaration is good; at least, as the pleadings stand; if
there is any defect, it is in mere form, and can only be
reached by special demurrer.

*Judgment on demurrer for the demandant.*