Mar. 21,
  1876.}            RITCHIE v. GLOVER.

*Landlord and tenant act—Pleading.*

In an action by a married woman, under the landlord and tenant act, the defendant pleaded that the plaintiff's husband, being indebted to him, had theretofore conveyed the premises, through a third person, to the plaintiff, without consideration, and to hinder and delay the defendant in the collection of his debt. *Held,* bad on demurrer.

HILLSBOROUGH COUNTY.

ACTION under the landlord and tenant act to recover the possession of a certain tenement in Manchester. It was originally commenced in the police court, where the defendant pleaded soil and freehold, and it was transferred to this court.

At this term the defendant, by leave of the court, filed the plea of *nul disseizin,* and also the following : And for a further plea, by leave of the court, the said defendant says the plaintiff her action aforesaid thereof against him ought not to have and maintain, because, he says, that on April 21, 1875, one James Ritchie, Jr., husband of the said plaintiff, was, and has continued hitherto, indebted to the said defendant in a

large sum of money, to wit, the sum of one hundred dollars, and on said April 21, 1875, said James Ritchie, Jr., was seized of said demanded premises in his demesne as of fee, and being so seized thereof, on said April 21, 1875, by a certain writing, pretended to release and quitclaim said premises to Samuel Upton, and the said Upton, by a certain other writing, pretended to release and quitclaim said premises to Susie F. Ritchie, the said plaintiff; and the said defendant says that said pretended release and quitclaim of said premises were made without consideration, in fraud of him the said defendant, and to hinder and delay him in the collection of his indebtedness aforesaid against the said James Ritchie, Jr. ; and that said plaintiff has no other right, title, or interest in and to said premises except as aforesaid; and this he is ready to verify. Wherefore he prays judgment, etc.

Upon the first plea the plaintiff joined issue, and to the second demurred generally.

The court, STANLEY, J., sustained the demurrer, and the defendant excepted.

*Osgood*, for the plaintiff.

*Hunt*, for the defendant.

LADD, J. The plea shows no right or title in the defendant, either by the levy of an execution against James Ritchie, Jr., or otherwise. The validity of the conveyances upon which, according to the plea, the plaintiff's title depends, cannot be put in issue in this way. *Jones* v. *Bryant,* 13 N. H. 53. The demurrer must be sustained.

CUSHING, C. J. I can add nothing in this case to what has been said by my brother LADD.

SMITH, J. The defendant complains that she is entitled to the possession of a certain tenement; that the defendant was duly notified in writing to quit the same, yet is still in possession thereof without right. She does not set out the particulars or origin of her title. What title she intends to rely upon does not appear. The defendant cannot set up a particular title for her, allege that she claims under that title, and plead matter of estoppel to bar a recovery under it. *Whittemore* v. *Shaw,* 8 N. H. 393; *Potter* v. *Baker,* 19 N. H. 166; *Hunt* v. *Haven,* 52 N. H. 162.

If the plaintiff is claiming under a deed fraudulent as to creditors of her husband, the deed is good until avoided by them. The defendant, if one of his creditors, can, by attachment and levy of his execution upon the land, test the validity of the deed from Upton under which the plaintiff claims (if she claims under that), and thus avoid the deed if the conveyance was fraudulent as to her husband's creditors ; but until that is done the deed will protect her title.

*Demurrer sustained.*