But the Court were clearly of opinion that sufficient was stated, and that if there were any objection to the notice, it ought to have been made by the overseers of the poor in Harpswell at the time of receiving the notice.
The counsel then insisted that there ought to be a new trial for the third reason assigned. By the 9th sect, of the statute, “ expenses incurred for the support and relief of a pauper, as also for his burial, in case of his decease, may be sued for and recovered in a civil action, by the town incurring the same, against the town wherein such pauper had his settlement. And in such civil action, the settlement of the pauper shall not be contested by the defendants, if it hath been then adjudged, to be in their town, upon such process as is hereinafter described, otherwise it may be.” The present is such civil action, brought to recover expenses incurred for the support and relief of a pauper, and also for his burial; and as his settlement had not been adjudged to be in Harpswell, it was competent to the defendants to show that his settlement was in another place ; and consequently the direction of the judge was wrong, and the verdict otight to be set aside and a new trial had,-that the defendants may be let into this evidence. [Sewall, J., referred to the 12th sect, of the statute, as settling the point.] Davis. If that sect. *389 of the statute repeals the 9th, then undoubtedly the motion for a new trial is groundless ; but it is absurd to suppose that one clause of an act should by implication repeal another part of the same act. The object of the 12th sect, is entirely different from that of the 9th sect., which gives an action for expenses incurred not only for the support and relief of the pauper, but for those of * his [ * 522 ] burial in case of his death. The 12th sect, gives no action for the expenses of burial; it does not contemplate .that the pauper has deceased, but provides for a particular mode of removing him to the place of his legal settlement, and gives an action for expenses incurred for his support and removal. The present action is brought for the expenses of support and burial, and therefore must have-been grounded on the 9th sect, of the act; and if so, the defendants are not precluded from contesting the settlement of the pauper. ,
Sedgwick, J.
The 9th sect, of the statute provides for the case of a previous adjudication of the settlement of the pauper, and makes it conclusive evidence of his settlement; and, so far as it respected these two towns, it would have been so without that provision. The next sect, points out a method of effecting the removal of the pauper; by application either to a justice of the peace or to the Court of Common Pleas. The 12th sect, provides for another case. It declares “ that said overseers may, in all cases, if they judge it expedient, previous to any such application to any justice of the peace or Court of Common Pleas, send a written notification stating the facts relating to any person actually become chargeable to their town, to one or more of the overseers where his settlement is supposed to be, and requesting them to remove him, and if such removal is not effected, nor objected to by them, in writing, after such notice, to be delivered in writing within two months after such notice to the overseers of the town requesting such removal, or to some one of them, then such overseers may remove such person to said place of his supposed settlement, the overseers whereof shall be obliged to receive and provide for him, and their town shall be liable for the expenses of his support and removal, to be * recovered by action, as aforesaid., by the town incurring [ * 523 ] the same, and shall be barred from contesting the question of settlement with the plaintiff in such action.” One manifest object of this provision in the statute is to prevent the expense of a lawsuit, by enabling the overseers of the poor to remove the pauper themselves. It therefore authorizes them to give notice that the pauper has become chargeable, and to request his removal by the overseers of the poor of the town in which his settlement is sup *390 posed to be. If they do not, within two months after receiving such notice and request, either remove him themselves or object to his being removed to their town, the law considers their silence as an acknowledgment that his legal settlement is there, and accordingly authorizes his removal by the overseers who gave the notice; and it further provides that such town shall be barred from contesting the question of settlement in an action which may be brought for the expenses incurred for his support and removal. It has been argued by the counsel for the defendants, that they are not precluded from contesting the settlement of the pauper, because the present action is brought for the expenses incurred for his support and burial, and is not therefore within the provision of this sect, of the statute, which extends only to actions brought for expenses incurred for the support and removed of the pauper.
But this distinction is merely verbal. The law intends that the town in which the pauper is settled shall be charged with all the expenses incurred within three months next before notice, for his support and removal, and also for his burial, in case of his decease, whenever it is ascertained where his settlement is. It has pointed out two modes of ascertaining his settlement. One is by a process in law; the other results from an implied acknowledg- [ * 524 ] ment of the- fact by a neglect of the * overseers in objecting to the claim made upon their town. In this case, the settlement of the pauper, as it respects the parties now in contest, has been ascertained in the latter method. The plaintiffs are therefore entitled to judgment according to the verdict.