Parsons, C. J.
The action is assumpsit, in which the plaintiffs demand of the defendants the sum of 242 dollars 27 cents for the maintenance of Jane Wing, and her three children, John, Cassandra, and Priscilla, and for the funeral expenses of John, [*274] between the months of July, 1804, * and November, 1805 ; and also a further sum of 20 dollars for the maintenance and funeral expenses of Hannah Slocum, alleging that they were all paupers, whose settlements were in Dartmouth.
Upon the general issue pleaded, a verdict was found for the plaintiffs, for the two sums, by the consent of parties, subject to the opinion of the Court on certain facts agreed by them.
In looking into the case, there is no evidence that the settlement of any of the paupers was in Dartmouth: the plaintffs claim a ver-' diet on the ground that the defendants are estopped to deny the settlement to be in their town.
It appears that neither of these towns choose overseers of the poor, but the selectmen act in that character ; that in June, 1802, Jane Wing and her three children having been maintained by Bridgewater, the selectmen of that town gave notice to the select men of Dartmouth, with a bill of the expenses, agreeably to the twelfth section of the statute of 1793, c. 59, and requested them to remove the paupers. The selectmen of Dartmouth did not return any answer to this notice, but paid the bill; and the paupers were not removed from Bridgewater. On the 27th of August, 1804, after a portion of the expenses demanded in this action had been incurred by the plaintiffs, the selectmen of Bridgewater again notified the selectmen ol Dartmouth, that two of Jane Wing’s children were chargeable for their support, and requested the selectmen of Dart *245 mouth, to remove them. To this notice an answer was returned on the 20th of October following, purporting to be from the selectmen of Dartmouth, but signed by one of them only, denying the settlement of Jane Wing or her children to be in Dartmouth.
The plaintiffs have urged that, as the selectmen of Dartmouth did not object to the first notice, but paid the bill of expenses, the defendants are estopped, as to Bridgewater, to deny the settlement to be in Dartmouth, and especially as the objection to the second notice is signed only by one of the selectmen.
It is well settled that estoppels, by which a party is prevented from defending himself by telling,the truth, are to be * confined within strict rules. And we are of opinion [*275] that the statute of 1793, c. 59, provides estoppels but in three cases.
One case is, where notice has been given pursuant to the 12th section of that statute, and (no objection being made within two months) the town giving the notice have actually removed the paupers to the town to which notice was regularly given. This is not the present case ; for Bridgewater did not, in fact, remove the paupers to Dartmouth.
Another case of estoppel is, when a town has recovered judgment against another town for the maintenance or removal of a pauper alleged to belong to the last town ; such judgment is conclusive between the parties, as to all future charges of maintenance. Neither is this the present case; for Dartmouth paid the bill without a suit.
The plaintiffs, failing on these grounds, have further insisted that no objection was made in two months by the selectmen of Dartmouth to the second notice, which is the foundation of this action. If this appear from the facts agreed, this is the third case, in which the defendants are estopped to contest a settlement. The objection is drawn up, as the language of all the selectmen, in the plural number, and against the name of the subscriber is written “ selectmen of Dartmouth.” This we consider as a subscription in behalf of the selectmen. The statute requires the objection to be in writing, but does not require it to be signed by the greater number of the selectmen ; and the defendants in this action consider the written objection as the act of their selectmen. We are therefore of opinion that the defendants are not estopped from disputing the settlement on the ground that their selectmen did not object within two months. Indeed, the second notice is very imperfect It has no relation to Jane, but is confined wholly to two of her children, without naming them.
The defendants not being estopped, the plaintiffs cannot re *246 cover any thing for the maintenance of Jane Wing and her children or for the funeral expenses of her son John.
Baylies for the plaintiffs.
Sproat for the defendants.
The demand of 20 dollars for the maintenance and funeral expenses of Hannah Slocum stands on a different foundation. The selectmen of Bridgewater gave regular notice to the selectmen of Dartmouth, and requested her removal. Te [*276] * this, no answer was returned, and the defendants are in this action estopped to deny that her settlement was in Dartmouth.
The verdict must be amended by reducing the sum therein found to 20 dollars, and upon the verdict thus amended judgment must be rendered for the plaintiffs.