*The inhabitants of* DOVER, *in review, vs. Inhabitants of* DEER ISLE.

A notice under the *stat.* 1821, *c.* 122, § 11, is sufficient, if it be signed by one overseer of the poor, in behalf of all.

Testimony that a messenger, sent by one town to another to deliver a notice, was upon inquiry, within the latter town, referred to certain individuals by name as overseers of the poor, and that those individuals assumed to be and acted as overseers, is competent evidence to be submitted to the jury to prove them to be overseers of the poor of that town.

THIS was a review of an action brought by *Deer Isle* against *Dover*, for the support and funeral expenses of one *Mary French.* The settlement of the pauper in *Dover* was not contested at the trial. In *July*, 1832, the year when the supplies were furnished, two of the three selectmen and overseers of the poor of *Deer Isle* conferred together, and one of them wrote a notice to *Dover*, signed

by him in behalf of the whole, and sent it. It was proved by parol, that on the 24th of *September*, the same two overseers were again together, and fearing that they had no proof, that the first notice had reached *Dover*, they agreed, that one of them should prepare a notice, and carry it himself, or send a special messenger with it, to *Dover*, and on that day, one of them authorized and requested the other to prepare and sign for the whole, a new notice. The notice, a copy of which was produced, was signed thus.

" *Robert Campbell*,    }  *Overseers of the poor of Deer Isle.*"

The counsel for *Dover*, objected to the admission of the parol evidence of authority given by one overseer to the other to sign, and also that the notice thus signed was not sufficient. WESTON C. J. presiding at the trial, admitted the evidence, and ruled, that the notice was sufficient. The special messenger sent with the notice, testified, that on the 24th of *September*, 1832, he carried the notice to *Dover*, and there inquired for the selectmen and overseers of the poor of that town, and was referred to Messrs. *Moore* and *Patten*; that he went to the store of the latter, who had a sign over his door, and there found a man who answered to that name, and claimed to be a selectman and overseer of the poor of that town ; that he found a man, who called himself *Moore*, and who claimed to hold the same office in *Dover ;* that he gave the notice to these men and requested payment of the bill, sent also by him ; and that they made no objection to the form of the notice, but complained that the bill was too high, and offered to pay a part, which he declined to receive. It was objected by the counsel for *Dover*, that there was no competent proof, that the persons to whom the notice was delivered, were overseers of *Dover.* The Chief Justice ruled, that it was competent evidence to go to the jury for that purpose. A default was entered by consent, it being agreed, that if in the opinion of the Court, it had not been made to appear by competent proof, that *Campbell* was authorized to make out and sign the notice, and if on that account, or from any defect in its terms, the notice should be held insufficient ; or if the proof of its delivery to an overseer of *Dover* should be deemed incompetent or insufficient, the default was to be taken off.

*Rogers,* for the plaintiffs in review, contended, that the notice was insufficient, because signed by one overseer only. The notice should be in writing, and should show on its face, that it came from the overseers, or a majority of them. Here it is signed only by one, who does not profess to act for the others, nor to sign in an official character. *Stat.* of 1821, *c.* 122, § 17; *Dalton* v. *Hinsdale,* 6 *Mass. R.* 501. It has been decided, that a notice signed by one, acting in the name of the whole, is sufficient; but these very decisions imply, that one alone, is wholly insufficient. An answer may cure a defective notice, but here, there was no answer whatever, and of course no waiver. The parol evidence, that one overseer authorized the other to sign, cannot aid the defective notice, which must be in writing.

There is no legal or sufficient evidence, either that *Moore* or *Patten* were overseers, or that the individuals conversed with, were *Moore* and *Patten. Gorham* v. *Calais,* 4 *Greenl.* 475.

There is no distinction, as to the notice, whether the pauper be living or dead. *Stat. c.* 122, § 11; *Belmont* v. *Pittston,* 3 *Greenl.* 453; *Blakesburg* v. *Jefferson,* 7 *Greenl.* 125. If notice be not necessary, when may the town sue?

*W. Abbott* and *C. J. Abbott,* for *Deer Isle,* argued, that the notice being throughout in the plural number, and the plural placed against the name of the overseer signing the notice, that it must be considered as a signing for the whole; and that is sufficient. *Bridgewater* v. *Dartmouth,* 4 *Mass. R.* 273; *York* v. *Penobscot,* 2 *Greenl.* 1; *Westminster* v. *Bernardston,* 8 *Mass. R.* 104; *Garland* v. *Brewer,* 3 *Greenl.* 197. The parol evidence, in relation to the authority to sign, was properly introduced, not to add to the notice, but to show that the overseer was authorized to act, as he did, for the whole. The eleventh section, under which this notice was given, does not require that a majority should sign the notice.

If any objection had been intended to have been raised, whether the persons with whom the notice was left were overseers of *Dover,* it should have been left to the jury. The proceedings at *Dover,* when the notice was carried there, were a waiver of any irregularity in the notice. The only objection made was to the amount of the

charges. *Embden* v. *Augusta,* 12 *Mass. R.* 307 ; *Paris* v, *Hiram, ib.* 262 ; *Shutesbury* v. *Oxford,* 16 *Mass. R.* 102 ; *York* v. *Penobscot,* 2 *Greenl.* 1. But no notice was necessary, as the pauper had deceased, and the reason for giving it no longer existed. *Dalton* v. *Hinsdale,* 6 *Mass. R.* 501 ; *Bath* v. *Freeport,* 5 *Mass. R.* 325.

After a continuance for advisement, the opinion of the Court was drawn up by

WESTON C. J. — It has been decided in several cases, cited in the argument, that a notice signed by one overseer, in behalf or by order of the board, is sufficient. In *Garland* v. *Brewer,* 3 *Greenl.* 197, a notice signed by the chairman of the selectmen was held good, it being presumed that they acted as overseers of the poor. In the case before us, we think that it is to be understood, that the overseer, who signed the notice, acted in behalf of the board. The plural number is used ; and against his name are the words, "overseers of the poor of *Deer Isle.*" *Bridgewater* v. *Dartmouth,* 4 *Mass. R.* 273, was a case exactly like this, except that the answer, and not the notice, was under consideration ; and the court there held, that the plural being used, and " selectmen of *Dartmouth*" being written against the name of the one who signed, his subscription should be considered, as having been made in behalf of the selectmen. There is precisely the same reason for considering the subscription here made in behalf of the overseers.

The special messenger, sent by *Deer Isle,* was upon inquiry, referred to two persons by name, as overseers of the poor of *Dover.* He was sent to find them. His inquiry, and the answer he received, was certainly a part of the *res gesta.* So were the admissions of those upon whom he called, upon his inquiry, that they were the persons, to whom he was referred. They assumed to act as the overseers of *Dover,* and negotiated with him in behalf of their town, in relation to the business, confided to his care. This was, in our opinion, evidence proper to be left to the jury, that the notice sent by *Deer Isle* was delivered to the overseers of *Dover.* If the persons claiming that character, were not entitled to it, it was very easy for the plaintiffs in review to prove the fact. Upon the case,

as reported, judgment is to be rendered for the defendants in review for their costs.