# SUPREME JUDICIAL COURT

##### FOR THE

## COUNTIES OF BRISTOL, PLYMOUTH, BARNSTABLE, AND DUKES COUNTY, OCTOBER TERM 1852, AT TAUNTON.

##### PRESENT:

Hon. LEMUEL SHAW, CHIEF JUSTICE.
Hon. CHARLES A. DEWEY,
Hon. THERON METCALF,
Hon. GEORGE T. BIGELOW, } JUSTICES.
Hon. CALEB CUSHING,

---

## THE INHABITANTS OF EDGARTOWN *vs.* THE INHABITANTS OF TISBURY.

Although the mother of a child born in Massachusetts in 1772 was then a slave, and her settlement followed that of her master, yet the child was born free, and derived no settlement from her mother.

A voluntary payment by a town of a demand for the support of a pauper, after suit brought, does not estop the town to contest the settlement of such pauper's mother in another suit brought by the same plaintiffs to recover for her support

ASSUMPSIT to recover the expenses incurred by the plaintiffs in the support of Nancy Michaels, a colored pauper, whose settlement was alleged to be in Tisbury.

At the trial, in the court of common pleas, before *Hoar*, J. the plaintiffs offered to prove that Rebecca, a colored woman, was brought from Africa, before the year 1780, and sold to, and owned as a slave by Cornelius Basset, of Chilmark, and was actually a slave, long before the adoption of the state constitution ; that she was never married, but that, in 1772, she gave birth to Nancy, the pauper ; that said Basset died in 1778, and that administration of his estate was duly had ; that said Nancy was inventoried and appraised as a part of his property, and was sold at auction to Joseph Allen of Tisbury ; that she was taken by him, on the day of the auction, (which was before the adoption of the constitution,) to Tisbury, where he lived and died, having a legal settlement; that said Nancy continued with him several years ; that she had a child, named Lucy Ann, who was born about the year 1810. But the judge ruled that if the above stated facts were proved, they would not give a settlement to said Nancy in Tisbury.

The plaintiffs then offered to prove the following facts : That Lucy Ann, the above-named child of Nancy, was an infant, in 1811, between one and three years old, and that the plaintiffs were obliged to furnish to her, (and, as they contended, thereby constructively to her mother,) support and maintenance, and did so accordingly ; that they commenced an action against the defendants, in the county of Barnstable, to recover the expenses incurred for said Lucy Ann's support ; that counsel were employed and depositions taken ; that judgment was rendered and execution issued, in that action, against the defendants, and that the execution was satisfied ; that this occurred in the year 1813, and that all the records of the court in Barnstable county, in that year, were, in 1817, destroyed by fire. As the only evidence of these alleged facts, the plaintiffs offered the depositions taken in said case, the receipt of Kilborn Whitman, Esq. counsel for the plaintiffs, in that action, and a copy of a note given by John Hancock, agent of the defendants, in settlement, as was contended by the plaintiffs, of said judgment and execution. (It is unnecessary to copy these papers, inasmuch as the most which they tended to prove is stated in the opinion of the court.) The

plaintiffs contended that these papers were admissible, under the circumstances, as evidence of such judgment; and that such judgment was evidence of the settlement of Nancy, the pauper, in Tisbury. But the judge ruled that the evidence was not legally competent to prove the settlement of the pauper to be in Tisbury; and that if it were admitted, it would not authorize the jury to find a verdict for the plaintiffs. A verdict was thereupon found for the defendants, and the plaintiffs alleged exceptions to the foregoing rulings.

*H. G. O. Colby,* for the plaintiffs.

*L. F. Brigham,* for the defendants.

METCALF, J. While slavery existed in Massachusetts, the settlement of the slave followed that of the master. *Dighton v. Freetown,* 4 Mass. 539. Therefore, if the pauper, for whose support this action is brought, was the slave of Joseph Allen, whose settlement was in Tisbury, her settlement is there, and the action can be maintained. But, as she was born in Massachusetts, she was freeborn, although her mother was a slave. And she could not be held as a slave by Allen, under the sale made to him. *Littleton v. Tuttle,* 4 Mass. 128, note; *Lanesborough v. Westfield,* 16 Mass. 74; 2 Dane Ab. 211-213; 2 Kent Com. (6th ed.) 252. As the relation of master and slave never existed between Allen and the pauper, she derived no settlement from him. Nor did she derive any settlement from her mother, who was a slave; for a slave could not communicate a settlement. *Andover v. Canton,* 13 Mass. 547. And if she could have derived a settlement from her mother, the plaintiffs' case would not be aided, because it does not appear that the mother's settlement was in Tisbury. Nor does it appear where the pauper was born. This, however, is immaterial, inasmuch as she was born in 1772, when no child, legitimate or illegitimate, could gain a settlement by birth. *Blackstone v. Seekonk,* 8 Cush. 75. She therefore is not shown to have a settlement in any town, and she must be regarded as *filia reipublicæ.*

But the plaintiffs attempt to charge the defendants by an estoppel. That attempt cannot succeed. Whether a judgment recovered in 1813, by the plaintiffs against the

defendants for the support of the pauper's infant child, would estop the defendants to deny that the pauper's settlement is in Tisbury, is a question which we have omitted to examine; because the evidence relied on by the plaintiffs is insufficient to prove such a judgment. That evidence, at the most, had a tendency to show that the defendants voluntarily paid to the plaintiffs the expenses of the child's support, after suit brought to recover them. But this, if clearly proved, would not estop the defendants from contesting the settlement of the child, in an action brought to recover subsequent expenses incurred for the same child's support. *Bridgewater* v. *Dartmouth*, 4 Mass. 273; *Needham* v. *Newton*, 12 Mass. 452. *A fortiori*, it would not estop them from contesting, in this action, the settlement of the child's mother.

*Exceptions overruled.*