CITY OF NEW BEDFORD *vs.* INHABITANTS OF MIDDLEBOROUGH.

In an action brought against a town, a part of which has been made a new town by a statute providing " that the said towns shall hereafter be respectively liable for the support of all persons relieved as paupers, whose settlement was gained by or derived from a residence within their respective limits," to recover for the support of a pauper who had a settlement in the old town, the burden of proof is on the plaintiff to show that such settlement was acquired by a residence within the territory which remains since the division a part of the town now sued.

ACTION OF CONTRACT to recover for the support of a family of paupers, alleged to have derived a settlement in Middleborough through Ezra Reynolds. The case was submitted to the superior court on an agreed statement of facts, the substance of which is stated in the opinion. *Vose,* J. ordered judgment for the plaintiffs, and the defendants appealed.

*W. W. Crapo,* for the plaintiffs, cited *Fitchburg* v. *Winchendon,* 4 Cush. 190 ; *Boylston* v. *Groton,* 4 Gray, 282 ; *Oakham* v. *Sutton,* 13 Met. 192 ; *Kilburn* v. *Bennett,* 3 Met. 199 ; *Burnham* v. *Allen,* 1 Gray, 496 ; *Dover* v. *Brighton,* 2 Gray, 482 ; *Worcester* v. *Wilbraham,* 13 Gray, 586 ; 1 Greenl. Ev. § 79.

*W. H. Wood,* for the defendants.

METCALF, J. By the *St.* of 1853, *c.* 338, dividing the town of Middleborough and incorporating a part of it as a new town, called Lakeville, it is provided that the said towns " shall hereafter be respectively liable for the support of all such persons, who now are relieved, or who may hereafter be relieved, as paupers, whose settlement was gained by or derived from a residence within their respective limits." The plaintiffs therefore, in order to sustain this action, must show that Ezra Reynolds, the grandfather of the pauper, Lorenzo D. Brownell, gained or derived a settlement in Middleborough from a residence within its present limits ; and they mistake in supposing that the burden is on the defendants to show that he did not. *Hingham* v. *South Scituate,* 7 Gray, 130, 131.

The facts on which this case is submitted for decision sufficiently show that Ezra Reynolds had a settlement in the old town of Middleborough. The removal of him and his family

to that town, by its overseers of the poor, from a town which had supported him as a pauper; the payment for that support, and for a like support furnished to him by another town; and the occasional relief given to him, as a pauper, during twenty years afterwards; leave no room for reasonable doubt as to the town of his settlement. These facts, though they would not estop the defendants to deny that his settlement was in old Middleborough, and prove that it was elsewhere, or that he never had one within the State, (*Bridgewater* v. *Dartmouth*, 4 Mass. 273,) must be held to be decisive, until the defendants show that they have heretofore acted in ignorance or under mistake. This they do not attempt to show; but they deny that the other agreed facts are sufficient to prove that the said Reynolds gained or derived a settlement from residence within the present limits of Middleborough. They also contend that those facts furnish sufficient evidence that he gained or derived a settlement, if at all, from a residence within the limits of the present town of Lakeville.

It is unnecessary, and we therefore forbear to express an opinion on the question whether those facts would warrant a jury in finding that Ezra Reynolds resided on the territory that is now within the town of Lakeville. It is sufficient for the decision of this case, that the plaintiffs utterly fail to show, by those facts, that he resided on territory that is now within the town of Middleborough. If, on those facts, a jury would be warranted in finding that the said Ezra was the son of that Ephraim Reynolds who, in 1773, conveyed to six of his other sons his homestead farm, which he had owned for thirty eight years, yet such finding would not avail the plaintiffs; for that farm, as the agreed facts state, was "in that part of Middleborough which is now Lakeville." When an action shall be brought against Lakeville for the support of paupers who derive their settlement from the said Ezra, and be submitted to a jury or to the court, on the facts now before us, we may be required to decide whether those facts will sustain such action.

*Judgment for the defendants.*