### CITY OF LYNN *vs.* CITY OF NEWBURYPORT.

A written notification as follows, " To the overseers of the poor of the city of N. — Gentlemen — Mrs. A. B. and three children, whose legal settlement is in your city, but now residing in L., being in needy circumstances, has applied to this board for relief, which we have granted and charged to your city, and shall continue so to do until you remove or otherwise provide for their support. In behalf of the overseers of the poor of the city of L. — C. D., Secretary," is sufficient, under Gen. Sts. c. 70, § 17.

CONTRACT brought to recover for supplies furnished by the plaintiffs to Mrs. Jemima Currier and three children, Franklin Barrett with his wife and three children, and William Barrett with his wife and three children.

It was agreed in the superior court that the supplies were furnished as charged for, and that notifications were duly sent by the plaintiffs to the defendants, and never replied to. The

first notification was as follows, and the others were in a similar form :

" Office of the overseers of the poor, City Hall, Lynn, January 17, 1861. To the overseers of the poor of the city of Newburyport. Gentlemen : Mrs. Jemima Currier and three children, whose legal settlement is in your city, but now residing in Lynn, being in needy circumstances, has applied to this board for relief, which we have granted and charged to your city, and shall continue so to do until you remove or otherwise provide for their support.

" In behalf of the overseers of the poor of the city of Lynn.

" Benjamin Mudge, Secretary."

Certain facts were agreed in relation to the settlement of the two Barrett families, which are now immaterial ; but no facts were agreed in relation to the settlement of the Currier family.

Judgment was rendered in the superior court for the plaintiffs, and the defendants appealed to this court.

*H. G. Johnson & C. O. Morse*, for the defendants.

*W. Howland*, for the plaintiffs.

METCALF, J. The only question in this case is, whether the notices sent to the defendants' overseers of the poor were sufficient in law.

One objection taken to the notices is, that they do not mention the names of the three children of the several parents. But as it is not shown, nor even suggested, that either of the parents had more than three children, the cases of *Walpole* v. *Hopkinton*, 4 Pick. 358, *Northfield* v. *Taunton*, 4 Met. 435, 436, and other similar cases, do not sustain this objection.

It is also objected that in neither of the notices were the defendants' overseers requested to remove the paupers. The provision in the Gen. Sts. *c.* 70, § 17, is the same as in *St.* 1793, *c.* 59, § 12, and Rev. Sts. *c.* 46, § 19, namely, that the overseers of a place where a person becomes actually chargeable may send a written notification to the overseers of the place where his settlement is supposed to be, stating the facts relating to such person, " and requesting them to remove him." The notices in this case informed the defendants' overseers that the

plaintiffs had charged the defendants for the support of the paupers, and should continue so to do until the defendants should remove them, or otherwise provide for their support. Under a statute of Maine containing precisely the same provision as in ours, it was decided that a notice like those in this case was sufficient. *Kennebunkport* v. *Buxton*, 26 Maine, 61. Tenney, J. there said, that " the notice should contain the substance of that which the statute requires, but no particular form is necessary. The request of removal is clearly implied from a statement that the whole expense incurred, and that which was expected to arise afterwards, was claimed till removal." See also *Ware* v. *Williamstown*, 8 Pick. 388, and *Uxbridge* v. *Seekonk*, 10 Pick. 150, where notices were held sufficient, though no request for removal was contained in them.

It is clear, upon the agreed facts, that the settlement of the two Barrett families is in Newburyport. And the defendants are estopped to deny that the settlement of Jemima Currier and her children is in that city, for the reason that they made no reply to the notice that she and her children were supported by the plaintiffs. *Topsham* v. *Harpswell*, 1 Mass. 518. *Bridgewater* v. *Dartmouth*, 4 Mass. 275. *Westminster* v. *Bernardston*, 8 Mass. 104. For the same reason, they would have been estopped to deny the settlement of the Barretts, if an estoppel had been necessary to the plaintiffs' recovery for their support.

*Judgment for the plaintiffs.*