INHABITANTS OF SOUTH SCITUATE *vs.* INHABITANTS OF STOUGHTON.

Plymouth. Oct. 18, 1887. — Jan. 6, 1888.  C. ALLEN & KNOWLTON, JJ., absent.

In an action by one town against another town for relief furnished a pauper, evidence is inadmissible, on the issue whether the pauper had his domicil in the defendant town, that, at a previous time, the overseers of the poor of the defendant town, on being notified by a third town that the pauper was in need of relief, took the pauper to their town and furnished such relief. And the fact that the records of the defendant town have been destroyed by fire does not make the evidence admissible.

W. ALLEN, J. This is an action to recover for relief furnished by the plaintiff town to a pauper.

The only controverted question was whether the pauper's settlement was in the defendant town. Her father had a settlement in the town of North Bridgewater, and she derived a settlement there from him. In the year 1851 she was married in that town. There was no evidence that her husband had a settlement in the defendant town, or that she ever acquired a settlement there, unless certain acts of the overseers of the poor of that town are competent for that purpose. These acts were the removal of the pauper and her children, after her marriage, from North Bridgewater to the defendant town, by its overseers of the poor, and relief furnished to them there at different times, and the payment by the defendant to North Bridgewater of bills presented for the support of the pauper. The circumstances attending the marriage of the pauper, and these acts of the overseers of the poor, might affect the weight of this evidence if it were competent, but they cannot affect the question of its competency.

1. The evidence is not competent to show an estoppel under the statute. The Rev. Sts. *c.* 46, §§ 19–21, which were in force at the time of the acts under consideration, are substantially the same as the Pub. Sts. *c.* 84, §§ 28–30, and provide that the overseers of the poor may send a written notice, stating the facts in regard to a person who has become chargeable to their town, to one or more of the overseers of the place where his settlement is

supposed to be, requesting them to remove him; if the removal is not made within two months after the notice, a written answer stating the objections to the removal shall be sent; and if that is not done, the overseers who requested the removal may remove him to the place of his supposed settlement, and the overseers of that place shall receive and provide for him, and their town shall be liable for the expenses of his support and removal, to be recovered in an action by the other town, "and shall be barred from contesting the question of settlement . . . . in such action." The estoppel is plainly limited to the action and to the parties to it. It does not arise in favor of third parties, nor between the parties themselves, when, as in the case at bar, the overseers of the town notified voluntarily remove the pauper and pay the expenses. *Bridgewater* v. *Dartmouth*, 4 Mass. 273. *Edgartown* v. *Tisbury*, 10 Cush. 408.

2. The acts of the overseers of the poor in removing the pauper to their town and supporting her, and in paying to North Bridgewater the expenses of her support, are not competent as admissions by the defendant. The overseers in these respects acted as public officers, and not as agents of the town. Their acts, whether in removing the pauper, or in providing for her support in their town, or in ordering payment for her relief furnished by North Bridgewater, bound their town by authority of law, and not by authority of the town, and cannot be taken as admissions by the town or its agents. *New Bedford* v. *Taunton*, 9 Allen, 207. *Dartmouth* v. *Lakeville*, 7 Allen, 284, and 9 Allen, 211, note. *Oakham* v. *Sutton*, 13 Met. 192. *Edgartown* v. *Tisbury*, *ubi supra.*

We do not see that the loss of the records of the defendant town for the year when the overseers of the poor removed the pauper, and furnished relief to her, at all affects the question. One answer to the argument for the plaintiff that the acts of the defendant's overseers of the poor are secondary evidence of the contents of the record kept under the Pub. Sts. *c.* 27, § 72, is that there was no provision for such record until after the acts were performed. St. 1877, *c.* 186.

*Judgment for the defendant.*

J. F. *Simmons*, for the plaintiff.

O. A. *Marden*, for the defendant.