## TAPPAN *vs.* EVANS & a.

A supplemental bill in equity, introducing new facts relating to the merits, can be filed only by leave of court, upon sufficient cause shown.

IN EQUITY. After the delivery of the opinion, and the entry of the decree in this case, sending an issue to the com-

mon pleas for trial, (11 *N. H. Rep.* 311,) the plaintiff filed a supplemental bill, setting forth that on the writ issued against Heath, and Evans as trustee, October 8, 1830, the homestead farm of Heath, in Warner, conveyed by him to Evans, as set forth in the original bill, was attached, with other land, as the property of Heath—that Heath had been defaulted in the action, &c.

The defendants demurred to this bill, and assigned, among other causes of demurrer, that it was filed and served on them without leave of the court first had, the whole matter charged therein having arisen, and being in existence when the original bill was filed ; and if available at all to the plaintiff, that it was so by way of amendment ; also, that the plaintiff had not verified, or offered to verify, the matters charged before filing the same.

*Tappan, & Bartlett*, for the plaintiff.

*J. Harris, B. M. Farley, & Jos. Bell*, for the defendants.

Parker, C. J.   A decree having been entered, in this case, it is very apparent that the plaintiff cannot file a supplemental bill, introducing new facts, as a matter of right.   2 *Atkyns* 139, *order in note ;* 17 *Vesey* 178, *Perry* vs. *Phelips ;* 2 *Smith's Ch. Pr.* 64 ; *Mitford's Pl.* 91.

If this bill is allowed, the operation of it must be to open the decree, or at least to suspend farther action upon it, until the new matter is considered ; and this is not in the power of the plaintiff, at his pleasure.

And we are further of opinion, that a supplemental bill, introducing new facts relating to the merits, ought not to be filed as a matter of course, but only by leave of court, upon sufficient cause shown.   Such is the practice in New York, in relation to injunction bills at least.   2 *Paige's Ch. R.* 333, *Eager* vs. *Price ;* 3 *Paige* 294, *Lawrence* vs. *Bolton.*   And it is said to be most safe to apply for liberty in all cases.   1 *Hoffman's Ch. Pr.* 403.

In Massachusetts, it is held generally that a supplemental bill ought to be filed only by leave of court, and upon cause shown. 1 *Metcalf's R.* 76, *Pedrick* vs. *White.* And so in England, after publication, (2 *Smith* 64,) or after the parties are at issue, if the matter is of such a nature that it might have been introduced as an amendment to the original bill. 1 *Smith's Ch. Pr.* 528; 4 *Simons' Ch. R.* 76, *Colclough* vs. *Evans.* But it seems to be held there, that if before decree the cause is in such a state that the bill cannot be amended, a supplemental bill may be filed, for the purpose of putting new matter in issue. 4 *Simons* 628, *Crompton* vs. *Wombwell.* Whether this results from the new orders does not appear. It is said, in Colclough vs. Evans, that if the new orders had not existed, the supplemental bill could not have been filed without leave, because it sought to change completely the issue raised by the original bill.

A party cannot amend his bill here, without leave of court, after answer. This bill is in the nature of an amendment.