## GOVE *v.* LYFORD.

Where the decision of the court that have examined a bill in equity, with the pleadings and evidence, is entered on the docket "dismissed," without any words of qualification, such entry is conclusive upon the merits of the case, and a final determination of the controversy between the parties, both in equity and at law; and a motion to amend the record by adding the words "without prejudice," will be denied.

If the defendant, who was the plaintiff in the bill in equity, has discovered any new matter of which he could avail himself or if any event has happened subsequent to filing his original bill, which gives him a new interest or right, he may set it out in a supplemental bill.

A former recovery may be shown in evidence under the general issue, as well as pleaded in bar.

Depositions duly taken in a proceeding in equity, under notice, or when there has been an opportunity to the opposite party to cross-examine the witnesses, may, under the discretion of the court, be subsequently used in a suit at law between the former parties, or where the same title is tried.

WRIT OF ENTRY. Writ dated February 21, 1863. The declaration was upon the seizin of the plaintiffs in their demesne as of fee and right. Plea, the general issue.

Subject to the defendant's exception, the plaintiffs introduced in evidence:

A mortgage of the demanded premises from the defendant to the Winnipiseogee Bank, dated January 15, 1838, with an assignment thereon from Asa Pingree to Dudley Smith, dated April 11, 1853.

An affidavit of Simeon Drake that a notice was published three weeks successively in the Belknap Gazette, a newspaper printed at Meredith Bridge, in said county, the first publication being April 17, 1852, and the notice being that said Pingree, March 21, 1852, peaceably entered upon and took possession of the demanded premises, conveyed to said bank in mortgage by the defendant by his deed dated January 15, 1838, and thereafterward being duly assigned by the bank to Pingree, for condition broken, and for the purpose of foreclosing the right in equity of the defendant to redeem the same; with a certificate of registry on said affidavit.

The affidavit of the defendant filed at this term, for the purpose of procuring a continuance of this action, a copy of which affidavit was annexed.

A bill in equity, in which this defendant was plaintiff, and these plaintiffs were defendants, filed November 24, 1857, brought to redeem the demanded premises; the answer of the defendants, and the evidence used in that case.

A lease of the premises from Pingree to the defendant, dated March 21, 1852.

A deed of the premises from Dudley Smith to the plaintiffs, dated February 7, 1857.

A note, to secure which said mortgage was given,—a copy of the note and of the writing upon it, the face of and all writing on the back of it, except indorsements of payment, being annexed.

The docket of the law term, Belknap County, December, 1862, upon which the entry in said suit in equity was "dismissed."

All the papers put in evidence in this case were made a part of the case.

It was agreed that at the date of said lease, and before and ever since, the defendant had lived upon and occupied the premises.

The court overruled a motion for a nonsuit, and the defendant excepted.

The defendant offered to prove every thing stated in his said affidavit; the court rejected the evidence, and ordered a verdict for the plaintiffs, and the defendant excepted; and the questions of law arising on the case were reserved.

*T. J. Whipple,* and *Geo. W. Stevens,* for the plaintiffs.

The plaintiffs rely for judgment in this case on these papers put in by them: namely, deed from Dudley Smith; the bill in equity, brought by the defendant to redeem the demanded premises; the answer and other pleadings, filed in the suit in equity, and the decree made therein. The other papers filed in the case in equity are put in this, that the court may see that all matters of defense set out in the defendant's affidavit were investigated and determined in the former suit.

One valid judgment, by a court of competent jurisdiction, between the same parties, upon considerations as well of justice as of public policy, is to be conclusive. No man is to be vexed twice with the same controversy. The parties are the same, and the subject matter is identical.

It is no objection that the former suit embraced more subjects of controversy than the present; if the entire subject of the present controversy was embraced in it, it is sufficient. It is *res adjudicata.*

A general entry of a bill, "dismissed," with no words of qualification, is conclusively presumed to be upon the merits, and is a final determination of the controversy between the parties.

It is a fundamental rule in the administration of justice, that a question once litigated and determined between the parties in a court of competent jurisdiction, is to be considered at rest. *Bigelow* v. *Winsor,* 1 Gray 299; *Foot* v. *Gibbs,* 1 Gray 412; 2 Dan. Ch. Pr. 754; Story Eq., sec. 793.

*I. A. Eastman,* for the defendant.

1. The plaintiff's evidence did not show a foreclosure. It consisted of simply an affidavit that notice of entry had been published. There were no affidavits of entry as required by statute. Rev. Stat., ch. 137, sec. 16.

2. The lease and possession under it were of no avail, for the foreclosure was kept open. It was waived. See affidavit of the defendant. *Batchelder* v. *Robinson,* 6 N. H. 12; *Deming* v. *Corning,* 11 N. H. 674; *McNiel* v. *Call,* 19 N. H. 403; *Gould* v. *White,* 26 N. H. 178.

3. The answer of the defendants in the equity case, and the evidence used in that case, were not admissible on the trial here. Decrees and judgments may, under a proper state of pleadings, be

admissible between the same parties and their privies, but not the evidence, unless the witness be dead. And the answer stands upon no better ground than the evidence.

4. The facts set forth in the affidavit of the defendant showed a good defense to the action.

NESMITH, J. The demandant offered in evidence, with the other testimony in the case, a bill in equity, in which the defendant was plaintiff, and the present plaintiffs were defendants, filed November 24, 1857, to redeem the demanded premises; also the answer of the defendants, and the evidence used in that case; also the docket of the law term of Belknap county, 1862, upon which was found the entry under said suit in equity, "dismissed." Upon the examination of the decision rendered in that case by the judge, who examined the merits of the controversy, we find his decree was, "The bill must, therefore, be dismissed, with costs." The defendant now asks that the record may be so amended that it may read, "Bill dismissed without prejudice."

The consideration of this motion is therefore first presented, and to be disposed of. This court has power to amend its records whenever error has occurred, and there is sufficient on file to amend by; and it can be done on motion, where the original proceedings were had. They are not to be allowed if injustice to any one would result therefrom. *Saunders* v. *Frost*, 5 Pick. 279; *Wendell* v. *Mugridge*, 19 N. H. 109; *Claggett* v. *Simes*, 31 N. H. 22. If the record be substantially as it was intended it should be when made, then it devolves on the party making the motion to change it, to give substantial reasons why it should be done; otherwise the record remains as the binding decree of the court. That the defendant finds himself reduced to the necessity of changing the legal import and effect of the record already made in the equity suit, will be apparent from the legal construction put upon the language of the record.

In *Foote* v. *Gibbs*, 1 Gray 413, Chief Justice *Shaw* says: "The authorities, both in England and in this country, are decisive that a general entry of 'bill dismissed,' with no words of qualification, such as 'dismissed without prejudice,' or, 'without prejudice to an action at law,' or the like, is conclusively presumed to be upon the merits, and is a final determination of the controversy." The same question was fully discussed by the same judge, in *Bigelow* v. *Winsor*, 1 Gray 301.

In *Perrin* v. *Dunn*, 4 Johns. Cases 141, Chancellor *Kent* said the usual decree in these cases of bills to redeem a mortgage is, that the "bill be dismissed." Such a dismissal amounts to a bar of the equity of redemption. A bill regularly dismissed upon the merits, where the matter in controversy has been passed upon, and there is no direction that the dismissal be without prejudice, may be pleaded in bar of a new bill for the same matter.

There may questions arise on this subject, whether the decree of dismissal has been duly enrolled, or duly and finally rendered, or whether it amounts to a *res judicata* upon the substance of the bill.

But assuming these points of form and criticism to be properly settled, it would seem to be within the reason of the rule that the decree, dismissing a bill seeking to redeem, when allowed and directed, should conclude the party from a new bill. 2 Story Eq., sec. 1523; 2 Dan. Ch. Pr. 753, 754; Cooper Eq. Pl. 270; Mitford Eq. Pl. 237.

It would seem, therefore, that the request to amend the decree according to the defendant's motion, would be only to nullify the decision already had upon the defendant's bill to redeem the mortgage upon the examination of all the proof, and upon the consideration of the whole merits of the case, and without any suggestion of the discovery of new facts or change of circumstances operating favorably to the defendant.

If there has been any fraud in a judgment rendered against a party, it may be shown by a party or privy, where it may be done without showing any participation in the fraud. *Tebbets* v. *Tilton*, 31 N. H. 287. Otherwise the judgment of a court of record, having jurisdiction of the cause and of the parties, and founded on the merits of the case, is binding and conclusive upon the same parties and their privies in any court in this State, until it is regularly vacated or reversed by some court having jurisdiction for that purpose. *Hollister* v. *Abbott*, 31 N. H. 442; *Barton* v. *Shannon*, 14 Gray 437.

No sufficient reasons are shown to us why the amendment prayed for should be granted; and from the examination made of the evidence furnished to us, we are bound to presume that the record on the docket is substantially what the court intended it should be. The clerk might with propriety extend his record so as to embrace the precise language used by the judge, and make up in this way a more formal decree, expressive of no more than what is comprehended in the term "dismissed." The defendant, therefore, is to obtain no advantage from his motion, and it must be denied.

The more general and approved practice is, as we understand it, that if the defendant has discovered any new matter of which he would avail himself, or when any event happens subsequent to filing an original bill, which gives a new interest or right to a party, it should be set out in a supplemental bill. Mitford Ch. 49; *Saunders* v. *Frost*, 5 Pick. 279; *Eastman* v. *Batchelder*, 36 N. H. 154. It is also well settled that a former recovery may be shown in evidence under the general issue as well as pleaded in bar. 1 Greenl. Ev., sec. 531, 532; *King* v. *Chase*, 15 N. H. 9; *Chamberlain* v. *Carlisle*, 28 N. H. 540. And the original bill, pleadings and depositions duly taken, with the decree in a former suit, when the same title is in dispute, are admissible as showing the declarations, admissions and acts of the parties who had the same interest in it as the present parties, against whom they are now offered. 1 Greenl. Ev. sec. 551, 552.

Such is said to be the general rule of practice applicable to depositions; but courts in their discretion limit their use to only such depositions as have been properly taken, and where an opportunity

has been had to cross-examine the witnesses.    In the case before us that opportunity has been enjoyed.

The examination of witnesses to wills are required to be *viva voce* when practicable in courts at law.

The proceedings in equity seem to us to have been properly received and used as evidence before the jury.   We do not feel justified or called upon to examine at length the facts and evidence which have already been investigated by the court, and settled in the equity proceedings had between these parties.  Upon a review of much of it, we can only say we have no occasion to disapprove of the decision heretofore made upon the questions involving the merits of this case.

We think now, there should be

*Judgment for the plaintiffs.*