The relief asked in this suit might have been granted in the original action. There was a prayer for an account, and under it an accounting up to December 1, 1876, long after the filing of the original bill. The cause of complaint and the parties in this bill are the same as in the original. The facts on which the present prayer for an accounting is founded were all known to and accessible by the plaintiffs when the final decree in the original bill was made. Moreover, after this decree there was a motion for a rehearing by the defendants, on the alleged ground that there were errors and mistakes which ought to be corrected; but the motion was denied. On these facts this bill should be dismissed. It is in the nature of a supplemental bill, and it is only by leave of court that such a bill can be filed. Tappan v. Evans, 12 N.H. 330; Gove v. Lyford, 44 N.H. 525.
Whenever a matter is considered and finally determined by a competent tribunal, it is considered forever at rest. This principle not only embraces what actually was determined, but it extends to every other matter which the parties might and should have litigated in the case. Fischli v. Fischli, 1 Blackf. 360.
An adjudication is final and conclusive, not only as to the matter *Page 411 
actually determined, but as to every other matter which the parties were bound to litigate and bring to a decision, as an incident to or essentially connected with the subject-matter of litigation, and every matter coming within the legitimate purview of the original action, both in respect to matters of claim and defence. Freem. Judg., s. 249; Story Eq. Pl., ss. 790, 791; Story Eq. Juris., s. 547; Clemens v. Clemens, 87 N.Y. 59, 74; Malloney v. Horan, 49 N.Y. 111, 116; Cromwell v. County of Sac, 94 U.S. 351; Case v. Beauregard, 101 U.S. 688; King v. Chase, 15 N.H. 9, 15.
But, apart from the general doctrine applicable to this case, we are of opinion that this claim should have been presented on the motion for a rehearing, or during the year and a half that the motion was pending. The decree ordered, when the motion for a rehearing was disposed of, was intended to be and was final in every respect; and as this claim was not presented before that motion was decided, it must now be regarded as waived, and
The bill must be dismissed.
CLARK, J., did not sit: the others concurred.