ASHUELOT RAILROAD *v.* CHESHIRE RAILROAD.

A decree requiring the defendant to deliver up all the plaintiff's bonds
which he held and owned, is not complied with if he does not disclose
bonds of that character which he purchased while the suit was pend-
ing and which he might have disclosed.

Evidence that a tender was made under a mistaken belief by the party
making it that the sum tendered was due, is admissible to rebut the
inference that a debt was thereby admitted.

BILL IN EQUITY, involving the same subject-matter generally
as is reported in the case between the same parties in 59 N. II. 409,
and cases there referred to.   From the bill, answer, and agreed
statement of facts, the following additional facts appeared :

At the time the original suit was commenced, in 1872, the de-
fendants owned $160,000 of the plaintiffs' bonds, which they sur-
.rendered in April, 1877, under a decree of the court.   In 1874 a
master was appointed, whose last hearing was had in January, 1877
February 19, 1876, the defendants purchased $5,000 more of the
plaintiffs' bonds, which were presented to the plaintiffs for pay-
ment, January 6, 1880, by one W., who demanded both principal
and interest, amounting to $13,874.20.   The plaintiffs refused to
pay any interest, but tendered $5,000, which W. declined to take.
This tender was afterwards withdrawn, because at the time it was
made the plaintiffs believed they were liable on these bonds, and
that the defendants were liable for the use of their road from Dec.
1, 1874, to April 21, 1877.   The defendants object to evidence of
the reason for withdrawing the tender.   A suit brought on the
bonds in the name of one P., against the plaintiffs, in Vermont, is
still pending.   The prayer of the bill is, that the defendants be re-
quired to deliver up the bonds.

*Lane,* for the plaintiffs.

*Batchelder & Faulkner,* for the defendants.

FOSTER J.   The ground on which the plaintiffs' bill was dis-
missed, in *Ashuelot R. R.* v. *Cheshire R. R.,* 59 N. H. 409, entitles them
to a decree in this case.   The hearing before the master involved
the matter of these bonds now in controversy, as well as the matter
of the rent or income of the plaintiffs' railroad.   Both were sub-
jects that might properly have been inquired into at that time.
The defendants held these bonds, and were bound to present them
for adjustment when all claims then existing between the parties
in relation to the Ashuelot road were being litigated.   The object
of the suit and the decree was to leave no such claims open to con-
troversy.   The reasons given by these defendants, in 59 N. H. 410,

for not accounting for the income received by them and claimed by the plaintiffs in that case, are good reasons for the plaintiffs' not paying these bonds. The defendants were bound to present these bonds, when the plaintiffs were bound to claim the income of the road received by the defendants. Nor are the plaintiffs in fault on account of the omission to have these bonds brought to the attention of the master, because they did not know, and the defendants did not let them know, that the latter had them. The defendants had an opportunity to present them, and not having done so, they should be held to the same rule as that applied to the plaintiffs in reference to the income of their road. *Chase* v. *Strain*, 15 N. H. 535, 540.

It was competent for the plaintiffs to explain the grounds upon which their tender was made. Without explanation it might have amounted to an admission of their liability; and for this reason the defendants can have no valid objection to evidence of the understanding of the parties, and the circumstances under which it was made.

As the defendants have not complied with the order of the court in regard to these bonds, the plaintiffs are entitled to a decree for indemnity against the Vermont suit and the payment of the bonds, and also for the bonds if the defendants can produce them

*Case discharged.*

ALLEN, J., did not sit: the others concurred.