CUMMINGS & a. v. PARKER & a.

A final decree in equity is not reopened and changed on motion, when it appears that the facts upon which the motion is based existed and were known to the party making it at the time of the original hearing in the cause before a referee, and were not shown by the report of the referee, nor brought to the attention of the court at any subsequent stage of the litigation before the decree was entered up.

If the party is entitled to any relief in such case, it must be by application for a new trial on the ground of accident, mistake, or misfortune.

IN EQUITY. Motion to modify a final decree.

*Bingham, Mitchells & Batchellor* and *Bingham, Aldrich & Remick*, for the defendants.

*Rand & Morse*, for the plaintiffs.

ALLEN, J. The defendants claim that the decree entered at the March term, 1882, does not follow the opinions of the court heretofore given in the case, inasmuch as it restricts them in the use of water to an amount not exceeding the "trip-hammer privilege," and to be taken from the surplus after the mills on the east side of the river should draw whatever is necessary for their use through the canal as it now is. They move that the decree be modified so

as to permit them to take their share of the water from the mill-pond at any time and at any stage of the water, or to take it from the surplus after the privileges upon the east side shall have drawn an amount of water equal to the capacity of the canal as it was in 1812, the date of the conveyance from Swan to Whiting, claiming that the decision of the law in the case has determined the rights of the parties to the water as it was used at that date ; and they offer to show that since that date the canal has been greatly enlarged, and draws much more water than it did at the date of the Whiting deed.

The opinions were founded upon the facts appearing in the referee's report. and upon nothing else ; and upon these facts the decree was entered up.   The legal effect of the opinions and the decree was to determine and to establish the rights of the parties as they existed at the commencement of the suit.   The court was not called upon and had no jurisdiction to adjudge such rights at any other time or upon any other state of facts.   It is true, that when the decree was made the court did not know that the canal had been enlarged since 1812 ; neither did the court know it when the decision was rendered.   That fact did not appear in the referee's report, and was not even suggested by counsel in argument.   On the contrary, the defendants, with full knowledge of the plaintiffs' claim as to the canal, chose to rest the decision of the case upon the claim to one half the river ; and even after the rendition of the decision, their motion for a rehearing was put on that ground solely.   Moreover, after that motion was denied and the decree was made, there was a full rehearing as to the form and substance of the decree, on the alleged ground of errors and mistakes ; but neither then, nor during the five years and more of preceding litigation, was there any claim whatever on the part of the defendants that the canal had been enlarged, or that the referee's report did not state all the facts necessary to a proper decision of the issue between the parties.   If the enlargement of the canal is a material fact now, it was equally so during the litigation, and especially at the time of entering up the decree.   From its nature and consequent publicity, it was a fact which must have been discovered by the exercise of the slightest diligence.

The decree was not a departure from the opinions, and the motion to modify it, under the circumstances, came too late, and ought to be denied.   Having elected to put their case upon the ground before stated, the defendants cannot now be permitted to retry it upon mere *ex parte* affidavits, which simply tend to show a fact the proof of which was readily accessible to them all through the litigation, and which they were then bound to litigate or forever hold their peace.   *Ashuelot Railroad* v. *Cheshire Railroad,* 59 N. H. 409, 410.

The decree was an adjudication "not only as to the matter actually determined, but as to every other matter which the parties

were bound to litigate and bring to a decision, as an incident to or essentially connected with the subject-matter of litigation, and every matter coming within the legitimate province of the original action, both in respect of claim and defence." *Ib.* 411, and authorities cited. It was a judgment final and conclusive until vacated or reversed for error. The record shows no error. If the alleged fact of the enlargement of the canal in 1833, or thereabouts, would, if proved, have the effect of changing the result and modifying the decree, it can only be shown upon a new trial of the case upon that point, granted on motion or petition, by reason of injustice done through accident, mistake, or misfortune. Whatever might be the result of such an application, justice does not require that the case should now be opened for the purpose of giving the defendants an opportunity to litigate a matter which they ought to have known and by reasonable diligence might have known, and one which they had ample opportunity to prove. *Railroad* v. *Railroad, supra; Crafts* v. *Insurance Co.*, 36 N. H. 44; *Handy* v. *Davis*, 38 N. H. 411; *Heath* v. *Marshall*, 46 N. H. 40.

*Motion denied.*

SMITH and CARPENTER, JJ., did not sit: the others concurred.